◼ In the Matter of LONRAY, INC., Appellant, v GAIL NEWHOUSE et al., Respondents. [644 NYS2d 900] —In a supplemental proceeding to enforce a judgment against Robert Newhouse, a judgment debtor, the petitioner appeals from an order of the Supreme Court, Nassau County (Kingston, J.), dated March 17, 1995, which denied its motion for the service of subpoenas upon certain suppliers to and creditors of the respondents' household and for an in-camera inspection of the customer lists of Quality Spice Corporation and Quality First Trading Corporation.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

In a summary proceeding in which a petitioner moves for disclosure under CPLR 408, the pertinent criteria for consideration include, *inter alia:* (1) whether the petitioner has asserted facts to establish a cause of action; (2) whether a need to determine information directly related to the cause of action

has been demonstrated; (3) whether the requested disclosure is carefully tailored so as to clarify the disputed facts; (4) whether any prejudice will result; and (5) whether the court can fashion or condition its order to diminish or alleviate any resulting prejudice (*New York Univ. v Farkas,* 121 Misc 2d 643; *see also, Plaza Operating Partners v IRM [U.S.A.], Inc.,* 143 Misc 2d 22).

The petitioner has asserted facts to establish its cause of action and has demonstrated a need for discovery. Since no prejudice is likely to result to the respondents and the discovery was carefully tailored to obtain information necessary to establish the petitioner's cause of action, the petitioner's motion should have been granted. Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.