OPINION OF THE COURT
Memorandum.
Order modified by providing that the branch of landlord’s motion which sought leave to take the deposition of occupant upon oral examination is granted and by providing that the denial of the branch of landlord’s motion seeking leave to require the production of various documents is without prejudice to renewal upon an application appropriately tailored to the material issues; as so modified, affirmed, without costs.
The issues in this licensee summary proceeding (RPAPL 713 [7]) concern an expired rent-stabilized lease and an occupant who alleges the creation of an independent landlord-tenant relationship, either by landlord’s acceptance of rent or the execution of a “renewal” lease in occupant’s name, or that he had a right to succeed to his parents’ tenancy. Within 30 days of commencing the proceeding, landlord moved for various relief, including leave to take the deposition of occupant upon oral examination and leave to seek production and inspection of various documents, and for use and occupancy pendente lite {cf. RPAPL 745 [2]). The court below denied the motion.
On the instant facts, landlord should be permitted to depose occupant prior to trial. Notwithstanding “the general sentiment that discovery is antithetical to the purposes” of special proceedings (Cox v J.D. Realty Assoc., 217 AD2d 179, 184 [1995]; Bethlehem Baptist Church v Trey Whitfield School, 2003 NY Slip Op 51051[U] [App Term, 2d & 11th Jud Dists 2003]; see CPLR 408 [requiring leave of court for most forms of discovery in special proceedings]; cf. New York Univ. v Farkas, 121 Misc 2d 643, 646 [Civ Ct, NY County 1983]), the courts have repeatedly approved discovery in cases arising from disputed claims to tenancy where the “facts concerning a tenant’s residence and the use made of leased premises are peculiarly within the tenant’s knowledge” (Hughes v Lenox Hill Hosp., 226 AD2d 4, 17-18 [1996]; see also *104 Cox v J.D. Realty Assoc., 217 AD2d at 183-184). Indeed, where, as here, there is no discernible prejudice to the occupant
“[who,] as opposed to the landlord, is in possession of material facts regarding occupancy of the premises . . . discovery sought by the landlord [should] be liberally reviewed . . . [and] although discovery [requests] may delay resolution of [the] summary proceeding, there is no prejudice as the landlord[ ] . . . decided that clarification of the facts is preferable to a quick resolution” (Malafis v Garcia, 2002 NY Slip Op 40180[U], *2-3 [App Term, 2d & 11th Jud Dists 2002]; e.g. Roc Century Assoc. v Shafer, NYLJ, Dec. 24, 1998, at 30, col 3 [App Term, 1st Dept] [oral deposition of tenant appropriate in a right-to-succession case in that “(t)he facts concerning respondent’s two year period . . . are peculiarly within respondent’s own knowledge”]; 4800 14th Ave. Mgt. v Patla, NYLJ, June 20, 1994, at 30, col 3 [App Term, 2d & 11th Jud Dists]; Shefa Estate Co. v Szymczak, NYLJ, May 30, 1991, at 26, col 6 [App Term, 2d & 11th Jud Dists]; see also Corliss Estates v Yulin, NYLJ, Apr. 10, 1996, at 26, col 5 [Civ Ct, NY County]).
Where the discovery sought is pretrial examinations, courts also look to the novelty or complexity of issues (e.g. New York City Health & Hosps. Corp. v Local 2507 of Dist. Council 37 of Am. Fedn. of State, County, & Mun. Empls., 139 Misc 2d 67, 70 [Sup Ct, NY County 1988]). Here, landlord established the materiality of the discovery sought, and that occupant, who hitherto has submitted no affidavit in this proceeding attesting to facts “directly related to the cause of action,” failed to demonstrate prejudice (Matter of Lonray, Inc. v Newhouse, 229 AD2d 440 [1996]; see also Neighborhood Partnership Hous. Dev. Fund Corp. v Okolie, 2003 NY Slip Op 50707[U] [App Term, 2d & 11th Jud Dists 2003]; 626 E. 9 St. Hous. Dev. Fund Corp. v Collins, 185 Misc 2d 628, 634 [Civ Ct, NY County 2000]; New York Univ. v Farkas, 121 Misc 2d at 647).
Landlord’s request for leave to require the production of certain documents (CPLR 3111), considered as a whole, appears “palpably overbroad” (Nineteen N.Y. Props. Ltd. Partnership v 535 5th Operating, 211 AD2d 411, 413 [1995]). However, insomuch as a number of the items sought, such as utility, banking, and other records are relevant to proof of residency and are “reasonably calculated to elicit information that might lead to admissible evidence” (Lager Assoc. v City of New York, 202 *105 AD2d 398 [1994]), the denial should be without prejudice to landlord renewing said branch of the motion upon submission of a suitably limited request for documents (Cox v J.D. Realty Assoc., 217 AD2d at 184; see Malafis v Garcia, 2002 NY Slip Op 40180[U], *4 [2002], supra [approving lower court’s grant to landlord of the right “to serve a revised set of proposed demands for discovery and inspection,” the court noted that “such a demand should be sufficiently tailored so that the documents demanded are likely to contain information which is relevant to this proceeding”]).
As for that branch of the motion seeking use and occupancy pendente lite, the availability of same is governed by RPAPL 745 (2) which, inter alia, limits the relief to situations where the respondent has requested two adjournments “or, upon the thirtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the petitioner, whichever occurs sooner” (see Delta Airlines v Metropolitan Culinary Servs., 2 Misc 3d 127[A], 2003 NY Slip Op 51690[U] [App Term, 2d & 11th Jud Dists 2003]; see also Lang v Pataki, 271 AD2d 375, 376 [2000]; cf. Montague St. Realty Assoc. v Simpson, NYLJ, May 31, 1994, at 35, col 3 [App Term, 2d & 11th Jud Dists] [use and occupancy in a summary proceeding available “as a condition of an order granting tenant relief such as a stay”]; Central Hudson Assoc. v Brown, NYLJ, Mar. 26, 1986, at 11, col 7 [App Term, 1st Dept] [use and occupancy available where the landlord shows he needs the money “to continue to render essential services”]). Here, landlord commenced the proceeding on November 7, 2003 and on December 2, 2003 filed its cross motion for various relief which the court decided on February 3, 2004. As adjournments at a landlord’s request toll the RPAPL 745 (2) period (Delta Airlines v Metropolitan Culinary Servs., 2 Misc 3d 127[A], 2003 NY Slip Op 51690[U] [2003], supra), and since we deem landlord’s motion an adjournment at landlord’s request (e.g. Allmen v Andre, NYLJ, Apr. 8, 1998, at 30, col 1 [Civ Ct, NY County]), the court properly declined to order use and occupancy. Accordingly, the order is affirmed insofar as it denied said branch of the motion since landlord’s request for use and occupancy pursuant to RPAPL 745 (2) was premature upon the state of the record.
Patterson, J., concurs in part and dissents in part and votes to modify the order, by granting the branches of landlord’s motion which sought leave to take the deposition of occupant and *106 an award to landlord of use and occupancy pendente lite, and by providing that the denial of the branch of landlord’s motion seeking leave to require the production of various documents is without prejudice to renewal upon an application appropriately tailored to the material issues, in the following memorandum: While I concur with the majority insofar as it grants landlord’s motion to depose occupant and permits landlord to renew its document discovery request, I would further modify the order below by granting landlord use and occupancy pendente lite. In my view, the court below retains the discretionary authority to grant interim use and occupancy as necessary to balance equitably the parties’ competing interests, particularly where the proceedings are delayed by such motion practice and disclosure as the parties may require (300 E. 34th St. Co. v Paleias, NYLJ, June 20, 1997, at 25, col 5 [App Term, 1st Dept]; see also Steele v Acedevo, NYLJ, Mar. 28, 2002, at 21, col 1 [App Term, 1st Dept]; Drewvin Bldg. Co. v Busoni, NYLJ, July 7, 1999, at 28, col 4 [App Term, 1st Dept]). Awarding use and occupancy would not harm occupant, as he would be required to pay any outstanding rent in the event he were to prevail. Indeed, it would be patently unfair to permit occupant to remain in the premises without paying for its use (see MMB Assoc. v Dayan, 169 AD2d 422 [1st Dept 1991]).
Pesce, P.J., and Rios, J., concur; Patterson, J., concurs in part and dissents in part in a separate opinion.