OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is reversed, without costs, the order granting landlord’s motion to strike tenant’s second amended answer and affirmative defense is vacated, landlord’s motion is denied, and the matter is remitted to the Civil Court for all further proceedings.
In this commercial nonpayment proceeding, tenant appeared and answered on October 11, 2012, and the proceeding was set down for trial on October 29, 2012. On October 29th, the parties consented to adjourn the proceeding to November 14, 2012, and, due to Superstorm Sandy, the court thereafter adjourned the proceeding to November 26, 2012. Tenant filed an amended verified answer dated November 9, 2012. On November 26th, the parties entered into a stipulation whereby the proceeding was adjourned to December 10, 2012, and tenant’s amended verified answer was withdrawn with prejudice. Tenant then filed a second amended verified answer, in which it asserted the affirmative defense that the premises were partially unusable due to landlord’s negligence. On December 10th, by a so-ordered stipulation, the parties, among other things, agreed to adjourn the proceeding to January 9, 2013 for trial, final against tenant, and tenant agreed to pay landlord one month’s use and occupancy before December 14, 2012. On January 9th, tenant requested an adjournment, and landlord made an oral application to strike tenant’s second amended answer and affirmative defense, pursuant to RPAPL 745 (2), because tenant *6 had failed to make the use and occupancy payment required by the so-ordered stipulation. Tenant objected, and argued, among other things, that landlord’s application had to be made in writing. By order dated January 9, 2013, the Civil Court granted landlord’s application, dismissed tenant’s pleading, and awarded landlord possession and the sum of $33,280. A final judgment was entered pursuant to the order on January 9, 2013, and tenant was evicted on March 28, 2013.
On appeal, tenant contends, among other things, that the Civil Court committed reversible error by directing it to pay landlord one month’s use and occupancy, since it had interposed the affirmative defense of partial and/or constructive eviction, and RPAPL 745 (2) (a) (ii) provides that a tenant cannot be ordered to pay use and occupancy if a partial or constructive eviction defense is interposed. Landlord contends that the Civil Court providently exercised its discretion in requiring tenant to pay use and occupancy as a condition of a further adjournment; that the court had the inherent power to strike tenant’s pleading based on tenant’s failure to pay the use and occupancy; and, in any event, that the order was proper pursuant to RPAPL 745 (2).
Pursuant to RPAPL 745 (2) (a) (ii), at the second of two adjournment requests made by a tenant, or on the 30th day after the first appearance of the parties in court (less any days that the proceeding was adjourned at the request of the petitioner), the court can direct the tenant to pay the landlord use and occupancy unless the tenant can establish, at an immediate hearing, that it has properly interposed a defense of actual eviction, actual partial eviction, or constructive eviction and the tenant has quit the premises. RPAPL 745 (2) (a) (ii), however, is inapplicable in the case at bar since December 10, 2012, when the parties entered into the so-ordered stipulation in which tenant agreed to pay use and occupancy, was not the second of two adjourned dates requested by tenant, and 30 days had not elapsed within the meaning of RPAPL 745 (2) (a) (ii), as all of the adjournments except for one had been consented to by the parties (see Allmen v Andre, NYLJ, Apr. 8, 1998 at 30, col 1 [Civ Ct, NY County 1998]). Moreover, the December 10, 2012 so-ordered stipulation did not provide for the striking of tenant’s pleading in the event of a default, and the court does not have the inherent authority to grant that relief absent such a provision. Consequently, the Civil Court improperly dismissed tenant’s second amended answer and af *7 firmative defense, and awarded landlord a final judgment of possession and the sum of $33,280, pursuant to RPAPL 745 (2) (c) (i).
Accordingly, the final judgment is reversed, the order granting landlord’s motion to strike tenant’s second amended answer and affirmative defense is vacated, landlord’s motion is denied, and the matter is remitted to the Civil Court for all further proceedings.
Weston, J.P. (concurring in the following memorandum). Since nothing in the stipulation provided for the striking of a pleading in the event of a default, I am constrained to join the majority in reversing the Civil Court’s order. However, I write separately only to express my opinion that a tenant’s failure to abide by the terms of a so-ordered stipulation should not be without consequences.
It is well settled that stipulations of settlement “are favored by the courts and not lightly cast aside” (Hallock v State of New York, 64 NY2d 224, 230 [1984]). However, a stipulation of settlement is a contract that is enforceable only to the extent of its terms (see McKenzie v Vintage Hallmark, 302 AD2d 503, 504 [2003]).
The terms of the so-ordered stipulation at issue here articulated no penalty in the event of a default. Although tenant failed to pay use and occupancy to landlord pursuant to the stipulation, nothing in the stipulation provided for the striking of tenant’s answer in the event of a default. Had the stipulation so provided, tenant would have had an added incentive to abide by its terms and the court would have had the authority to dismiss tenant’s pleading. Without a clear directive in the stipulation as to the consequences of a default, the stipulation was, in effect, rendered meaningless.
Accordingly, while I concur with the majority in the result, I recommend that courts, before so-ordering a stipulation, ensure that the consequences of a default are adequately set forth in the terms of the stipulation.
Solomon and Elliot, JJ., concur; Weston, J.P., concurs in a separate memorandum.