OPINION OF THE COURT
 

 Memorandum.
 

 Ordered that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the determination of tenant’s pending motion and landlord’s pending cross motion and for all further proceedings.
 

 Before answering the petition in this commercial holdover proceeding, tenant moved to dismiss, and landlord cross-moved for summary judgment. On February 20, 2014, it was stipulated that the proceeding would be adjourned for argument of the motions (which were both subsequently denied). The stipu
 
 *106
 
 lation also provided that tenant would pay use and occupancy at the rate of $900 per day during the pendency of the proceeding. The stipulation did not provide for any sanction in the event tenant failed to make the payments. In an order dated April 29, 2014, the Civil Court granted landlord’s motion to enforce the stipulation and directed tenant to pay landlord “$900 per day, each day without offset.” In a sua sponte order dated December 1, 2014, the Civil Court, among other things, again required tenant to pay $900 per day, each day.
 

 Tenant subsequently moved to be permitted to deduct certain expenses from the use and occupancy that he was required to pay, or for alternative relief, and landlord cross-moved to compel tenant to pay $24,000 in arrears in use and occupancy. At oral argument of the motion and cross motion, landlord’s attorney alleged, in response to an inquiry from the court, that tenant had not paid the $900 due the day before, and that tenant had regularly missed his daily deadline by one to three days. Tenant’s attorney alleged that tenant was up to date on his payments and that he had substantially complied with the stipulation and court orders. After oral argument, but without taking sworn testimony or admitting documentary evidence, the court determined that tenant had defaulted in complying with the stipulation and court orders, and issued a sua sponte decision awarding landlord a final judgment of possession and the sum of $160,478.87. Tenant’s appeal from the court’s amended decision is deemed to be from a final judgment entered on the same date, February 26, 2015, which awarded landlord possession and the sum of $160,478.87
 
 (see
 
 CPLR 5512 [a]).
 

 While the Civil Court did not cite to any authority for its award of a final judgment in favor of landlord, as the stipulation did not provide landlord a remedy for a default, the legal basis for the relief the court granted landlord must be sought in RPAPL 745 (2)
 
 (see Quality & Ruskin
 
 Assoc.
 
 v London,
 
 8 Misc 3d 102 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). RPAPL 745 (2) (a) allows a court, “upon the second of two adjournments at the request of the respondent, or, upon the thirtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the petitioner, whichever occurs sooner,” upon an application by the landlord, to direct that a tenant deposit use and occupancy with the court or pay it to landlord. If the tenant fails to make the initial deposit or payment, the court,
 
 *107
 
 upon application by the landlord, is required to dismiss the defenses and counterclaims and grant judgment for the landlord
 
 (see
 
 RPAPL 745 [2] [c] [i]). If the tenant fails to make a subsequent deposit or payment, the court, upon application by the landlord, is required to order an immediate trial of the issues raised in the tenant’s answer
 
 (see
 
 RPAPL 745 [2] [c] [ii]).
 

 The record before us does not establish that there were two adjournments at tenant’s request, or that 30 days chargeable to tenant had elapsed, and therefore RPAPL 745 (2) (a) cannot be found to be applicable
 
 (see Myrtle Venture Five, LLC v Eye Care Opt. of NY, Inc.,
 
 48 Misc 3d 4 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Moreover, even if the direction that tenant pay $900 per day during the pendency of the proceeding had been made pursuant to RPAPL 745 (2) (a), the kind of default alleged herein—which was not a default in making the initial required payment—could have resulted only in an immediate trial, and not in a final judgment for landlord
 
 (see
 
 RPAPL 745 [2] [c] [ii];
 
 49 Terrace Corp. v Richardson,
 
 40 Misc 3d 135[A], 2013 NY Slip Op 51306[U] [App Term, 1st Dept 2013];
 
 La Fabrique Owners Corp. v La Fabrique LLC,
 
 16 Misc 3d 130[A], 2007 NY Slip Op 51335[U] [App Term, 1st Dept 2007]). We note that it was also improper for the court to have determined that tenant had defaulted, an allegation disputed by tenant’s attorney, or to have awarded a money judgment, without a hearing.
 

 Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the determination of tenant’s pending motion and landlord’s pending cross motion and for all further proceedings.
 

 Solomon, J.P., Pesce and Elliot, JJ., concur.