Marmon Realty Group, LLC v Khalil (2021 NY Slip Op 50733(U))

[*1]

Marmon Realty Group, LLC v Khalil

2021 NY Slip Op 50733(U) [72 Misc 3d 136(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-789 Q C

Marmon Realty Group, LLC, Respondent, 
against
Wanas Khalil, Doing Business as Francis Lewis Pharmacy, Appellant.

The Law Offices of Ari Mor, Esq., P.C. (Ari Mor of counsel), for appellant.
Forchelli, Deegan, Terrana, LLP (Richard A. Blumberg of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E.
Unger, J.), entered May 22, 2020. The order, insofar as appealed from as limited by the brief,
denied tenant's cross motion for summary judgment dismissing the petition in a nonpayment
summary proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Landlord moved to, among other things, restore this commercial nonpayment proceeding to
the trial calendar after it was marked off the calendar, and tenant cross-moved for summary
judgment dismissing the petition. As limited by his brief, tenant appeals from so much of an
order of the Civil Court entered May 22, 2020 as denied tenant's cross motion which sought
summary judgment dismissing the petition on the ground that landlord failed to serve tenant with
a predicate notice. The court held that tenant's defense of failure to serve a predicate notice
implicated personal jurisdiction and rejected it as untimely raised.
Tenant's defense concerning landlord's alleged failure to serve a predicate notice does not
implicate personal jurisdiction (see 156
Nassau Ave. HDFC v Tchernitsky, 62 Misc 3d 140[A], 2019 NY Slip Op 50059[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), but presents a defense to this
nonpayment proceeding that was properly raised in tenant's answers and, again, in tenant's cross
motion (cf. West Haverstraw Preserv.,
LP v Diaz, 58 Misc 3d 150[A], 2018 NY Slip Op 50085[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]; Forest
Hills S. Owners, Inc. v Ishida, 33 Misc 3d 141[A], 2011 NY Slip Op 52202[U] [App
Term, 2d [*2]Dept, 2d, 11th & 13th Jud Dists 2011]).
However, contrary to his contention, tenant was not entitled to summary judgment dismissing the
petition on the ground of improper service of a predicate notice.
Here, the affidavits of service established that the process server served tenant with a
three-day rent notice at both tenant's home address and the address of the subject premises.
Specifically, for service at each address, the process server made two unsuccessful attempts of
personal or substitute service and thereafter implemented conspicuous-place service by affixing
the notice to the door of the premises and mailing a copy to that same address. The affidavits of
service therefore constituted prima facie evidence of proper service (see Deutsche Bank Natl. Trust Co. v
Quinones, 114 AD3d 719, 719 [2014]; Parker v Top Homes, Inc., 58 AD3d 817, 818 [2009]; 425 E. 26th St. Owners Corp. v Beaton,
50 AD3d 845, 846 [2008]) of the rent notice in compliance with RPAPL 735 (1).
In order to rebut this prima facie showing and raise an issue of fact necessitating a traverse
hearing, the party challenging the service must submit a sworn, nonconclusory, factually specific
denial of service (see Ahluwalia v
Seecharan, 186 AD3d 1302, 1303 [2020]; Deutsche Bank Natl. Trust Co. v
Quinones, 114 AD3d at 719). Tenant's bare and unsubstantiated denial of service in his
affidavit lacked the factual specificity required to rebut the prima facie evidence of proper service
(see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d at 719; ACT Props., LLC v Garcia, 102 AD3d
712, 713 [2013]; Scarano v
Scarano, 63 AD3d 716, 716-717 [2009]; cf. US Bank N.A. v Kohn, 188 AD3d 1290, 1292 [2020]).
Accordingly, the order, insofar as appealed from, is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021