Thomas Jefferson Owners Corp. v Lokshin (2024 NY Slip Op 24169)

[*1]

Thomas Jefferson Owners Corp. v Lokshin

2024 NY Slip Op 24169

Decided on June 10, 2024

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on June 10, 2024
Civil Court of the City of New York, Queens County

Thomas Jefferson Owners Corp., Petitioner,

against
Igor Lokshin, "JOHN DOE", "JANE DOE", Respondents.

Index No. L&T 303841/21

James E. Kasdon, Esq.
The Law Offices of James E. Kasdon
New York, NY 
Attorney for petitioner
Jonathan D. Cohen, Esq.
Catholic Migration Services
Sunnyside, NY Attorneys for respondent

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of petitioner's motion to amend the notice of petition and petition pursuant to CPLR § 3025(b) and for payment of use and occupancy pursuant to RPAPL § 745(2):
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF No.38-43)
Affirmation in Opposition & All Documents Annexed 2 (NYSCEF #44-45)
Affirmation in Reply & All Documents Annexed 3 (NYSCEF #47-50)
Upon the foregoing cited papers, the decision and order on petitioner's motion is as follows.
PROCEDURAL HISTORY
This summary nonpayment proceeding brought against respondent, a cooperative shareholder, was commenced in June 2021. Respondent initially answered pro se and later filed a COVID-19 hardship declaration, which stayed the proceeding pursuant to L 2020, ch 381, as amended by L 2021, ch 417 (COVID-19 Emergency Eviction and Foreclosure Prevention Act). After the expiration of the stay, respondent, represented by counsel, filed a motion to amend the answer, for summary judgment, and for discovery. By Decision/Order of Judge Clifton A. Nembhard dated March 18, 2024, the motion was granted only to the extent of amending the answer; the remaining relief was denied. Thereafter, petitioner made the instant motion to amend the petition and for use and occupancy. Following briefing on the motion and an adjournment for a Russian interpreter to appear, the court heard argument on the motion on June 5, 2024 and reserved decision.
DISCUSSION & CONCLUSION
The first prong of petitioner's motion seeks amendment of the notice of petition and petition, specifically to include various fees, including attorney's fees, and other charges, that petitioner argues are collectible in this summary proceeding after the amendment of RPAPL § 702, which exempted cooperative housing corporations [except for cooperatives subject to various sections of the public housing finance law] from the statutory bar on the collection of such fees and charges in summary proceedings contained in the original version of RPAPL § 702. Petitioner also annexes respondent's proprietary lease and asserts that the fees and charges that it would seek in the amended petition are classified as "additional rent" such that they are collectible in a summary proceeding.[FN1]
Respondent opposes amendment, first on the basis that petitioner does not adequately substantiate, by a detailed breakdown or otherwise, the fees and charges that would be sought in the amended petition. Respondent also argues that permitting petitioner to seek non-rent fees and charges after the amendment of RPAPL § 702 would impermissibly give the statute retroactive effect.
Pursuant to CPLR § 3025(b), "[a] party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including granting of costs and continuances" (see also Faiella v. Tysens Park Apts., LLC, 110 AD3d 1028, 1029 [2d Dept 2013] ["Leave to amend a pleading should be freely given absent prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit."]; Nationstar Mtge., LLC v. Jean-Baptiste, 178 AD3d 883, 886 [2d Dept 2019]).
The court finds that petitioner's proposed amendment is "patently devoid of merit" insofar as the amendment of RPAPL § 702 relied upon by petitioner only affects cases commenced on or after the effective date the amendment, which was nearly six (6) months after [*2]the commencement of this proceeding. By way of brief background, RPAPL § 702 was promulgated as part of the Housing Stability and Tenant Protection Act (HSTPA) of 2019. It became effective on June 14, 2019 (see L 2019, ch 36, §§ 11, 29 (Part M)). The statute defined "rent" as "the monthly or weekly amount charged in consideration for the use and occupation of a dwelling pursuant to a written or oral rental agreement." Furthermore, it specifically provided that "[n]o fees, charges or penalties other than rent may be sought in a summary proceeding pursuant to this article [7 of the RPAPL], notwithstanding any language to the contrary in any lease or rental agreement." Subsequently, on December 22, 2021, RPAPL § 702 was amended to add a second section, which reads:
"This section shall not apply to a summary proceeding in which the parties are a cooperative housing corporation, other than a cooperative housing corporation subject to the provisions of article two, article four, article five or article eleven of the private housing finance law, and a tenant who is a dwelling unit owner or shareholder of such corporation, provided that the proprietary lease or occupancy agreement between the cooperative housing corporation and the tenant provides for fees, charges, penalties or assessments other than rent to be recoverable in such a proceeding." (RPAPL § 702(2)).
The legislative history of the amendment indicates that the purpose was to "restore the ability of certain cooperative apartments to recover charges and fees other than rent in summary proceedings (Bill Jacket, L 2021, ch 789)." Levitt v. Tietz, 81 Misc 3d 339, 348 [Sup Ct, Albany County 2023]. The enabling language for the amendment to RPAPL § 702 provided that it would "take effect immediately and shall apply to actions and proceedings commenced on or after such effective date [December 22, 2021]." (L 2021, ch 789, § 7). By this plain language, the amendment only affects proceedings commenced on or after December 22, 2021; thus, it has no applicability to the instant proceeding, which was commenced in June 2021 (see Riley v. County of Broome, 95 NY2d 455, 463 [2000] [The "unambiguous language of [the] statute is alone determinative" of the legislature's intent.]; 1588-1600 AMS LLC v. Gil, 75 Misc 3d 1, 3 [App Term, 1st Dept 2022] [Amendment of RPAPL § 745 as part of the HSTPA does not apply to a proceeding commenced prior to its passage.]).[FN2]
 
For this reason, the court finds it to be unnecessary to consider the retroactive applicability of the statute, as the legislature's enabling language did not indicate an intent to make the amendment applicable to pending proceedings (cf. Regina Metro. Co. LLC v. New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 364-365, 373 [Assessing the potential retroactive applicability of Part F of the HSTPA, which was enacted with statutory language that it was to "take effect immediately and . . . apply to any claims pending on or filed on or after such date," in comparison with the clear prospective applicability of provisions affecting actions "commenced on or after such effective date"[.]] [quoting L 2019, ch 36, § 1, Part F, § 7 and L 2019 , ch 36, § Part M, § 29]). Consequently, petitioner's motion to amend the notice of petition and petition is denied, without prejudice to its right to seek non-rent fees and charges in a plenary action or in a subsequent summary proceeding.
The court next addresses petitioner's motion for use and occupancy pursuant to RPAPL § 745. Petitioner seeks payment of all post-petition use and occupancy in its motion. Respondent opposes the request for use and occupancy in its entirety. 
In the context of summary proceedings, pre-trial use and occupancy may only be granted within the confines of RPAPL § 745 (see Front St. Rest. Corp. v. Ciolli, 55 Misc 3d 104, 106 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Myrtle Ventures Five, LLC v. Eye Care Opt. of NY, Inc., 48 Misc 3d 4, 6 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Quality & Ruskin Assoc. v. London, 8 Misc 3d 102, 105 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). Under the plain language of the statute, the court may only award pendente lite use and occupancy upon:
"[T]he second of two adjournments granted solely at the request of the respondent, or upon the sixtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the petitioner, counting only days attributable to adjournment requests made solely at the request of the respondent and not counting an initial adjournment requested by a respondent unrepresented by counsel for the purpose of securing counsel, whichever occurs sooner . . . upon consideration of the equities[.]" (RPAPL § 745(2)(a)).
Moreover, no use and occupancy may be ordered where the respondent can establish that they have interposed one of the defenses or established one of the grounds enumerated in RPAPL § 745(2)(a)(i-vii).
Upon a review of the case history for this proceeding, the court does not find that petitioner has demonstrated its entitlement to use and occupancy under RPAPL § 745 at this juncture. The case first appeared on the court's calendar in Part Z on November 15, 2021. On that date, the case adjourned for respondent to obtain counsel. Before the next court date, respondent filed a COVID-19 hardship declaration and the case was subject to a statutory stay. The court does not find that time accrued because of statutory stay is countable against a respondent for the purposes of counting days or adjournments under RPAPL § 745 (see Feuerman v. Hugo, 77 Misc 3d 171, 180-181 [Civ Ct, NY County 2022]). 
Following the expiration of the hardship stay, the case was restored by the court on September 29, 2022. Prior to that date, respondent's attorney made a motion to amend the answer, for summary judgment, and for discovery. On September 29, 2022, counsels for the parties executed a stipulation for briefing on the motion and an adjournment for argument. An adjournment on consent is not counted for RPAPL § 745 purposes (Myrtle Ventures Five, LLC, 48 Misc 3d at 6). A subsequent stipulation further adjourned respondent's motion on consent to February 28, 2023. On February 28, 2023, the court (Nembhard, J.) reserved decision. The Decision/Order on respondent's motion was rendered on March 18, 2024. The court does not find the period during which the court had respondent's motion sub judice to be "solely attributable to the respondent" under RPAPL § 745(2). 
Pursuant to the March 18, 2024 Decision/Order, the proceeding was restored on April 10, 2024. The court's notes reflect that the proceeding was adjourned on that date for petitioner to make the instant motion; in any event, there is no indication that the adjournment was "solely attributable to the respondent." On the following court date, May 31, 2024, the case was adjourned to June 5, 2024 for a Russian interpreter to appear for the argument on petitioner's motion. While the court is skeptical that a request for an interpreter may be charged against a [*3]respondent under RPAPL § 745 (see Yellen v. Baez, 177 Misc 2d 332, 337-338 [Civ Ct, Richmond County 1997]), even if this adjournment is charged to respondent, it would be only the first adjournment chargeable to him and the 5-day adjournment does not come near the sixty days that must be attributable to respondent for the use and occupancy obligation under RPAPL § 745 to be triggered. Therefore, petitioner's request for use and occupancy is denied, without prejudice to renew if a proper basis under RPAPL § 745 exists.
Based upon the foregoing determinations, petitioner's motion is denied in its entirety. The proceeding will be restored to the Part B calendar for trial transfer on June 26, 2024 at 9:30 AM.This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: June 10, 2024
Queens, New York
_______________________________
HON. CLINTON J. GUTHRIE, J.H.C.

Footnotes

Footnote 1:Appellate caselaw holds that a cooperative may only seek non-rent/maintenance fees and charges in a summary proceeding where the proprietary lease labels them as "additional rent" (see Jacoby v. Cabrera, 60 Misc 3d 136[A], 2018 NY Slip Op 51079[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2018]).

Footnote 2:At the latest, commencement occurred when the service of the notice of petition and petition was complete on June 29, 2021 (see 92 Bergenbrooklyn, LLC v. Cisarano, 50 Misc 3d 21, 26 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).