Ash Ave LLC v Wilder (2024 NY Slip Op 51384(U))

[*1]

Ash Ave LLC v Wilder

2024 NY Slip Op 51384(U)

Decided on October 7, 2024

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 7, 2024
Civil Court of the City of New York, Queens County

Ash Ave LLC, Petitioner,

against
David Wilder, "John Doe", "Jane Doe", Respondents.

Index No. L&T 310560/23

Green & Cohen, P.C.
New York, NY
Attorneys for petitioner
New York Legal Assistance Group
New York, NY
Attorneys for respondent David Wilder

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion to dismiss pursuant to CPLR §§ 3211(a)(2) and 3211(a)(7), or for a traverse hearing, and petitioner's cross motion to strike respondent's fourth affirmative defense and to deem the affidavit of service properly filed, for discovery, and for use and occupancy:
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #9-15) 
Notice of Cross Motion & All Documents Annexed 2 (NYSCEF #16-18)
Affirmations in Opposition and in Reply & All Documents
Annexed 3 (NYSCEF #19-24)
Upon the foregoing cited papers, the decision and order on respondent's motion and petitioner's cross motion, consolidated for determination herein, is as follows.
PROCEDURAL HISTORY
This summary holdover proceeding based on a 10-day notice to quit was filed in June 2023. Respondent David Wilder (hereinafter "respondent") appeared through counsel, who filed an answer on October 23, 2023. Subsequent adjournments followed and a new attorney substituted into the case for petitioner. Respondent filed a motion dismiss in January 2024. Petitioner filed a cross-motion in February 2024, which seeks an order striking respondent's fourth affirmative defense and deeming the affidavit of service properly filed, leave to conduct discovery, and use and occupancy. Following briefing of the motions, the court heard argument on March 14, 2024, and reserved decision.
RESPONDENT'S MOTION
The court first considers respondent's motion to dismiss, as it would potentially render petitioner's cross-motion moot if granted (see Datta v. Terrapin Indus., LLC, 2011 NY Slip Op 33562[U] [Sup Ct, Queens County 2011]). Respondent seeks dismissal on multiple bases pursuant to CPLR §§ 3211(a)(2) and 3211(a)(7).
First, the court does not find that any basis for dismissal exists related to lack of subject matter jurisdiction (CPLR § 3211(a)(2)). As this court has highlighted before (see e.g. Persain v. Persane, 77 Misc 3d 992, 993-994 [Civ Ct, Queens County 2022]), Housing Court is "vested with subject matter jurisdiction over housing matters by statute (NY City Civ. Ct. Act § 110)." 170 West 85th Street Tenants Assn. v. Cruz, 173 AD2d 338, 339 [1st Dept 1991]; see also 433 West Assocs. v. Murdock, 276 AD2d 360, 360-361 [1st Dept 2000]; 716 Realty, LLC v. Zadik, 38 Misc 3d 139[A], 2013 NY Slip Op 50194[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]. None of respondent's proffered bases for dismissal, namely misdescribing respondent as a licensee, untimely filing of the affidavit of service, improper service of the notice of petition and petition, and improper service of the predicate notice, implicate the court's subject matter jurisdiction.
The court next addresses respondent's allegations of improper service of the notice of petition and petition and late filing of the affidavit of service, as they both relate to personal jurisdiction, which is a threshold consideration (see Elm Mgt. Corp. v. Sprung, 33 AD3d 753, 755 [2d Dept 2006]). The court first notes that challenges to personal jurisdiction are properly raised via CPLR § 3211(a)(8), rather than CPLR § 3211(a)(2) or CPLR § 3211(a)(7). Nonetheless, the court will disregard this irregularity and consider the issues on the merits (see CPLR § 2001). Respondent asserts that he was not served by conspicuous place service and states that "I never found [the notice of petition and petition] affixed to the door or anywhere around it, including inside the mailbox." (Wilder Aff., ¶ 23). Petitioner opposes the challenge to personal jurisdiction, and argues that respondent's denial of service is insufficient to refute petitioner's affidavit of service. Upon review of the affidavit of service for the notice of petition and petition, it alleges attempts at service on three occasions, including one on a weekend day outside of working hours, before affixing to the entrance door of the subject premises on July 31, 2023. The affidavit of service also states that mailings by certified and first-class mail were made upon each respondent on August 1, 2023. Thus, it describes service made in accordance with RPAPL § 735.
A presumption of proper service exists where a facially-sufficient affidavit of service has been filed (see Deutsche Bank Natl. Trust Co. v. Quinones, 114 AD3d 719 [2d Dept 2014]; Tzifil Realty Corp. v. Temammee, 46 Misc 3d 144[A], 2015 NY Slip Op 50196[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In order to rebut the presumption and justify a traverse hearing, a respondent must "submit a sworn, nonconclusory denial of service." (Temammee, 2015 NY Slip Op 50196[U], *2; see also ACT Props., LLC v. Garcia, 102 AD3d 712, 713 [2d Dept 2013] [Defendant's "conclusory and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in the process server's affidavits of service."]). Here, the court finds that respondent has not set forth a sufficiently detailed denial of service to support dismissal or the scheduling of a traverse hearing. Respondent's conclusory denial as to the affixing portion of service does not contain adequate details, such as respondent's whereabouts during the alleged service attempts and precisely when respondent made the observations about lack of service contained in his affirmation, to rebut the affidavit of service. Therefore, the court finds that respondent has not established an entitlement [*2]to a traverse hearing or dismissal based on lack of personal jurisdiction.
Related to personal jurisdiction is respondent's argument that petitioner's filing of the affidavit of service for the notice of petition and petition was untimely. The affidavit of service was filed on August 7, 2023, while the affidavit states that service was complete upon mailings on August 1, 2023. Pursuant to RPAPL § 735(2), proof of service must be filed with the clerk within three (3) days after mailing to respondent (for conspicuous place service). Here, it is undisputed that the affidavit of service was filed six (6) days after mailing and was untimely under the statute.[FN1]
Respondent argues that the late filing is not excusable and that the petition must be dismissed as a result. Certainly, in the First Judicial Department, this is what would be required, as appellate courts in that Department have held that untimely filing of proof of service in summary proceedings deprives the court of jurisdiction (see Riverside Syndicate, Inc. v. Saltzman, 49 AD3d 402, 403 [1st Dept 2008]; 125 E. 50th St. v. Credo Intl. Inc., 75 Misc 3d 134[A], 2022 NY Slip Op 50504[U] [App Term, 1st Dept 2022]). However, the Appellate Term, Second Department has held, with citation to decisions of the Appellate Division, Second Department, that failure to timely file proof of service is not a jurisdictional defect and is excusable in the absence of prejudice (see Siedlecki v. Doscher, 33 Misc 3d 18, 20 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). In line with the rationale expressed in Columbia Leasing L.P. v. Williams, 80 Misc 3d 884, 887-888 [Civ Ct, Queens County 2023]), this court finds that it is bound by the holding in Siedlecki in the Second Department. As the court does not find that respondent has articulated sufficient prejudice resulting from the late filing of the affidavit of service, the court will grant the prong of petitioner's cross-motion to deem the affidavit of service timely filed and deny respondent's request for dismissal based on the late filing of the affidavit of service.
Respondent next seeks dismissal on the basis that petitioner failed to properly serve the 10-day notice to quit. His denial of service is nearly identical to the denial in relation to service of the notice of petition and petition. To wit, "I was never served with the Ten-day Notice to Quit. I never found it affixed to the door or anywhere around it, including inside the mailbox." (Wilder Aff., ¶ 18). The affidavit of service describes three (3) attempts at service of the notice to quit, including one on a weekend outside of working hours, before affixing on February 4, 2023. The affidavit also describes mailing by regular and certified mail on February 6, 2023.
Service of a notice to quit under RPAPL § 713 must be made in accordance with the requirements set out in RPAPL § 735. Proper service of a predicate notice is a condition precedent to the maintenance of a summary eviction proceeding (see Mautner-Glick Corp. v. Glazer, 148 AD3d 515, 516 [1st Dept 2017]; 1646 Union, LLC v. Simpson, 62 Misc 3d 142[A], 2019 NY Slip Op 50089[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). As with service of a notice of petition and petition, a facially-sufficient affidavit of service constitutes prima facie evidence of service of a predicate notice (see Marmon Realty Group, LLC v. Khalil, 72 Misc 3d 136[A], 2021 NY Slip Op 50733[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). To rebut such prima facie evidence, a respondent must "submit a sworn, [*3]nonconclusory, factually specific denial of service." (Id.). Here, for the same reasons that it found respondent's denial of service of the notice of petition and petition lacking, the court finds that respondent's denial of service is inadequately detailed to rebut petitioner's affidavit of service for the notice to quit, which describes service in compliance with RPAPL § 735. Therefore, the court denies respondent's request for dismissal or the scheduling of a traverse hearing on the service of the notice to quit.
Finally, respondent seeks dismissal on the basis that he is a month-to-month tenant, rather than a licensee. In support, respondent states in his affirmation that after the former tenant of record, Mila Huan, died in November 2022, he made two (2) rent payments directly to petitioner, who accepted the payments. He annexes to the motion copies of USPS money order receipts for the purported payments, but the receipts are effectively illegible. In addition, a barely-legible rent statement purporting to show a zero dollar rent ledger in January 2023 is annexed. In opposition, petitioner, through its managing agent Rajesh A. Subraj, states that any rent tendered after Mila Huan died was tendered in her name and that petitioner had no intent to create any tenancy with respondent.
On a CPLR § 3211(a)(7) motion for failure to state a cause of action, the petition "is to be afforded a liberal construction, the facts alleged are presumed to be true, the [petitioner] is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory." Watts v. City of New York, 186 AD3d 1577, 1578 [2d Dept 2020]. When evidentiary material is offered and considered on such a motion, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one[.]" Guggenheimer v. Ginzburg, 43 NY2d 268, 275 [1977].
In considering respondent's assertion that he is a tenant, rather than a licensee, the court finds that respondent has not established upon the instant motion that he is a tenant such that petitioner lacks a cause of action based on him being a licensee. The proof submitted by respondent is not conclusive on the point of whether the parties actually created a contractual relationship. It is well established that "'the relation of landlord and tenant is always created by contract, express or implied[.]'" (265 Realty, LLC v. Trec, 39 Misc 3d 150[A], 2013 NY Slip Op 50974[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [quoting Stern v. Equitable Trust Co. of NY, 238 NY 267, 269 [1924]]). The court finds that here are issues of fact exist as to whether any contractual agreement was created between the parties after Mila Huan died.[FN2]
 Accordingly, respondent's motion to dismiss is denied in its entirety.
PETITIONER'S CROSS MOTION
Petitioner first moves to strike respondent's fourth affirmative defense and for the court to deem the affidavit of service for the notice of petition and petition timely filed. In the course [*4]of deciding respondent's motion to the dismiss, the court granted the request to deem the affidavit of service timely filed. As the court has found that the late filing of the affidavit of service is not a basis for dismissal, the court will dismiss respondent's fourth affirmative defense, which seeks dismissal because of the late filing, as it is patently devoid of merit at this juncture (see Starpoli v. Agrelopo, LLC, 136 AD3d 791, 792 [2d Dept 2016]).
Petitioner next seeks discovery related to respondent's succession claim. Pursuant to CPLR § 408 (which applies to special proceedings), "leave of court shall be required for disclosure except for a [notice to admit]." The standard that has developed for obtaining leave of court is "ample need," which is predicated on the demonstration of the six factors first set out in New York University v. Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983, Saxe, J.]. The factors are as follows: (1) whether the party seeking discovery has asserted facts to establish a cause of action; (2) whether there is a need to determine information directly related to the cause of action; (3) whether the requested disclosure is carefully tailored and is likely to clarify the disputed facts; (4) whether prejudice will result from the granting of an application for disclosure; (5) whether the prejudice can be diminished or alleviated by an order fashioned by the court for this purpose; and (6) whether the court, in its supervisory role, can structure discovery so that pro se tenants, in particular, will be protected and not adversely affected by discovery requests (see Farkas, 121 Misc 2d at 647; see also Georgetown Unsold Shares, LLC v. Ledet, 130 AD3d 99, 106-107 [2d Dept 2015]; Lonray, Inc. v. Newhouse, 229 AD2d 440, 440-441 [2d Dept 1996]). More recently, some lower courts have focused the "ample need" inquiry on whether discovery "will speed a case towards a fair resolution, whether by stipulation or trial." Temo Realty LLC v. Herrera, 82 Misc 3d 299, 301 [Civ Ct, Kings County 2023] [citing 50th St. HDFC v. Abdur-Rahim, 72 Misc 3d 1210[A], 2021 NY Slip Op 2021 NY Slip Op 50693[U] [Civ Ct, Kings County 2021] and 717 Sterling Corp. v. Cook, 78 Misc 3d 1224[A], 2023 NY Slip Op 50345[U] [Civ Ct, Kings County 2023]].
Petitioner asserts in its cross motion that it is entitled to discovery, based upon the cursory statement in its managing agent Rajesh A. Subraj's affidavit that the facts supporting respondent's succession claim "rest in the exclusive custody of the Respondent." (Subraj Aff., ¶ 26). No other germane facts are asserted to support the request for succession. Additionally, while petitioner's attorney's affirmation makes reference to annexed discovery demands, no such demands are found on NYSCEF. Thus, the request amounts to a conclusory recitation of the discovery standard with the germane facts and details of the disclosure the petitioner seeks (i.e. a showing of "ample need") notably absent. Accordingly, petitioner's cross motion for discovery is denied without prejudice.
Finally, petitioner moves for use and occupancy. As this court has observed on multiple occasions (see Thomas Jefferson Owners Corp. v. Lokshin, 2024 NY Slip Op 24169, *2 [Civ Ct, Queens County 2024]; Hillside Place, LLC v. Rahman, 79 Misc 3d 1207[A], 2023 NY Slip Op 50549[U], *2 [Civ Ct, Queens County 2023]), in the context of summary proceedings, pre-trial use and occupancy may only be granted within the confines of RPAPL § 745 (see Front St. Rest. Corp. v. Ciolli, 55 Misc 3d 104, 106 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Myrtle Ventures Five, LLC v. Eye Care Opt. of NY, Inc., 48 Misc 3d 4, 6 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Quality & Ruskin Assoc. v. London, 8 Misc 3d 102, 105 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]).
Under the plain language of RPAPL § 745, the court may only award pendente lite use and occupancy upon:
"[T]he second of two adjournments granted solely at the request of the respondent, or upon the sixtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the petitioner, counting only days attributable to adjournment requests made solely at the request of the respondent and not counting an initial adjournment requested by a respondent unrepresented by counsel for the purpose of securing counsel, whichever occurs sooner . . . upon consideration of the equities[.]" (RPAPL § 745(2)(a)).
Here, the initial adjournment, on August 14, 2024, was for respondent to retain counsel. Thus, it is not countable for the purposes of RPAPL § 745. There is no indication that the following adjournment, on October 24, 2023, was "granted solely at the request of the respondent" according to the notes on the court's UCMS system and the following adjournment, on December 5, 2023, was by stipulation of the parties through their attorneys. An adjournment on consent is not counted for RPAPL § 745 purposes (Myrtle Ventures Five, LLC, 48 Misc 3d at 6). On the following court date, February 9, 2024, there is a notation from Judge Logan J. Schiff on UCMS that the case was adjourned upon petitioner's request, as respondent had made a settlement offer. On the next court date, March 14, 2024, this court heard argument and reserved decision on the respective motions. Therefore, petitioner has not established that two adjournments (exclusive of the initial adjournment to obtain counsel) or sixty days' worth of adjournments solely attributable to respondent have occurred/elapsed. Therefore, petitioner's motion for use and occupancy is denied without prejudice to renewal at a later time, if appropriate.
CONCLUSION
For the foregoing reasons, both respondent's motion and petitioner's cross motion are disposed in accordance with the determinations herein. The proceeding will be restored to Part B, Room 403, for all purposes, including trial transfer, on November 12, 2024, at 9:30 AM. Any further motions must be made by order to show cause no later than October 28, 2024. This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: October 7, 2024
Queens, New York
HON. CLINTON J. GUTHRIE
J.H.C.

Footnotes

Footnote 1:Although not specifically raised by respondent, the untimely filing also potentially implicates RPAPL § 733, which requires that service must occur "at least ten and not more than seventeen days" before the petition is noticed to be heard. Here, the petition was noticed to be heard on August 14, 2024.

Footnote 2:It should also be noted that the Appellate Term, Second Department has ruled that a rent stabilized tenancy cannot be created on a month-to-month basis (see Fairfield Beach 9th, LLC v. Shepard-Neely, 74 Misc 3d 14, 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). Nevertheless, it remains petitioner's burden to establish that the petition properly described the ultimate facts upon which the proceeding is based (see 130-50 228th, LLC v. Moseley, 77 Misc 3d 139[A], 2022 NY Slip Op 51372[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; Jamaica Seven, LLC v. Villa, 67 Misc 3d 138[A], 2020 NY Slip Op 50630[U], *2-3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).