Barretta v Parilla (2025 NY Slip Op 50253(U))

[*1]

Barretta v Parilla

2025 NY Slip Op 50253(U)

Decided on February 7, 2025

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 7, 2025
Civil Court of the City of New York, Queens County

Giuseppe Barretta, Petitioner,

against
Ideney Parilla, Jose Parilla, John Doe, Jane Doe, Respondents.

Index No. L&T 310997/24

Law Office of Marc Scolnick P.C.
Kew Gardens, NY 
Attorneys for petitioner
Ideney Parrilla, pro se
Respondent

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of petitioner's motion for summary judgment pursuant to CPLR § 3212, for use and occupancy pursuant to RPAPL § 745, and to amend the petition pursuant to CPLR § 3025(b):
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #15-24)
Notice of Reconveyance and Settlement Offer and Notice to County Clerk (deemed Opposition) 2 (NYSCEF #25-26)
Upon the foregoing cited papers, the decision and order on petitioner's motion is as follows:
PROCEDURAL HISTORY
This summary holdover proceeding predicated on a 90-day notice of termination was filed in July 2024. Respondent Ideney Parilla (hereinafter respondent), using various aliases, has appeared and filed various documents, including "affidavits of truth," powers of attorney, and a "bill in quia timet." Petitioner made the instant motion for summary judgment, use and occupancy, and amendment of the petition in January 2025. Respondent filed a "notice of reconveyance and settlement offer" and "notice to county clerk," which the court deemed to be opposition papers. The court heard argument on the motion on February 5, 2025 and reserved decision.
[*2]DISCUSSION/CONCLUSION
The court will first address petitioner's request to amend the petition, as it must precede any consideration of summary judgment since material modifications are proposed. Petitioner seeks three (3) discrete amendments. First, petitioner seeks amendment and, effectively, substitution of a new petitioner, 66-07 Fresh Pond LLC, which is claimed to be the current owner of the subject premises pursuant to a deed dated June 13, 2024.[FN1]
Next, petitioner seeks to amend the spelling of the surnames of respondents Ideney Parilla and Jose Parilla to "Parrilla." Finally, petitioner seeks to add language relating to the Good Cause Eviction Law (Article 6-A of the Real Property Law [RPL]) to the petition and annexes a notice related thereto. While respondent's opposition papers do not address petitioner's specific amendment requests, it was apparent at argument that respondent opposes petitioner's motion in its entirety.
Pursuant to CPLR § 3025(b), "[a] party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including granting of costs and continuances" (see also Faiella v. Tysens Park Apts., LLC, 110 AD3d 1028, 1029 [2d Dept 2013] ["Leave to amend a pleading should be freely given absent prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit."]; Nationstar Mtge., LLC v. Jean-Baptiste, 178 AD3d 883, 886 [2d Dept 2019]). Mere delay is insufficient to deny amendment; only delay with "significant prejudice" to the other side is a barrier to amendment (see BAC Home Loans Servicing, L.P. v. Jackson, 159 AD3d 861, 863 [2d Dept 2018]). 
The court finds petitioner's request to correct the spelling of respondents' surnames to be amendable pursuant to CPLR § 1024 ("If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly."). The court does not find that the amendment significantly prejudices any respondent. Additionally, the court finds the amendment to plead a ground under the Good Cause Eviction Law [L 2024, ch 56, part HH] to be warranted, particularly in the absence of any articulated prejudice or surprise (see Sin Huang Lau v. Yun He Zheng, 2025 NY Slip Op 25001, * 3-4 [Civ Ct, Kings County 2025]; see also Paikoff v. Harris, 185 Misc 2d 372, 376 [App Term, 2d Dept, 2d & 11th Jud Dists 1999] ["[I]t is permissible to amend the pleadings in summary proceedings even with respect to misstatements of the rent-regulated status of the tenancy."] [internal citations omitted]).
However, the court does not find any merit to the request to amend and substitute 66-07 Fresh Pond LLC as petitioner herein. At the time that the instant proceeding was commenced, Giuseppe Barretta had already conveyed the subject property to 66-07 Fresh Pond Road LLC (see petitioner's exhibit A [NYSCEF Doc. 17]). Thus, Giuseppe Barretta did not have standing to commence the proceeding (see Redhead v. Henry, 160 Misc 2d 546, 547 [Civ Ct, Kings County 1994] ["Implicit in the use of the words 'landlord or lessor' in RPAPL 721 is that such person has in fact the right or authority to transfer an estate to another for a definite or indefinite period of time."]; see also New Amsterdam Casualty Co. v. National Union Fire Ins. Co. of Pittsburg, Pa., 266 NY 254, 259 [1935] [A landlord-tenant relationship requires "[a] privity of contract and a privity of estate."]). A standing defect cannot be cured by amendment to caption the proceeding in the name of the proper party after the fact (see Lehtonen v. Dellaquila, 67 Misc [*3]3d 139[A], 2020 NY Slip Op 50683[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; Ferro v. Lawrence, 195 Misc 2d 529, 530 [App Term, 2d Dept, 9th & 10th Jud Dists 2002]). To the extent that Giuseppe Barretta was attempting to bring the case as an agent for the LLC, he could not do so in this summary proceeding (see Lehtonen, 2020 NY Slip Op 50683[U], *1 ["An owner's agent is not a person authorized to maintain a summary proceeding."]; Elias Props. Mtg. Inc. v. One Half Fashion Corp., 57 Misc 3d 138[A], 2017 NY Slip Op 51307[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Nor could Mr. Barretta bring the case in his individual capacity on behalf of the LLC (see LLC Law § 610; Singh v. Nadlan, LLC, 171 AD3d 1239, 1240 [2d Dept 2019]; Escobar v. Nicolas, 82 Misc 3d 1225[A], 2024 NY Slip Op 50387[U] [Civ Ct, Queens County 2024]). Accordingly, as the current petitioner did not have standing to commence this proceeding, the court cannot permit amendment to substitute the actual owner at this juncture (see Ferro, 195 Misc 2d at 530 [citing, inter alia, Key Bank of NY v. Becker, 88 NY2d 899, 900 [1996]]). Petitioner's motion to amend is granted to the extent permitted in the first paragraph of this section and is other otherwise denied.
As for petitioner's request for summary judgment, the apparent standing defect that was discussed above precludes summary judgment in petitioner's favor (see 1646 Union, LLC v. Simpson, 62 Misc 3d 142[A], 2019 NY Slip Op 50089[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019] [In a summary eviction proceeding, "relief can be granted to a petitioner only where all the elements of the petitioner's cause of action have been made out[.]"]; see also Dulberg v. Ebenhart, 68 AD2d 323, 328 [1st Dept 1979] ["As the right to maintain summary proceedings did not exist at common law and is solely a creation of the statute, it applies only in those cases authorized by the statute."]; Redhead, 160 Misc 2d at 549-550 [Standing pursuant to RPAPL § 721 is a prima facie element of a petitioner's case in a summary proceeding.]). Thus, petitioner's motion for summary judgment is denied.
Petitioner's motion for use and occupancy pursuant to RPAPL § 745 is also denied, without prejudice. In the context of summary proceedings, pre-trial use and occupancy may only be granted within the confines of RPAPL § 745 (see Front St. Rest. Corp. v. Ciolli, 55 Misc 3d 104, 106 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Myrtle Ventures Five, LLC v. Eye Care Opt. of NY, Inc., 48 Misc 3d 4, 6 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Quality & Ruskin Assoc. v. London, 8 Misc 3d 102, 105 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). Under the plain language of RPAPL § 745, the court may only award pendente lite use and occupancy upon:
"[T]he second of two adjournments granted solely at the request of the respondent, or upon the sixtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the petitioner, counting only days attributable to adjournment requests made solely at the request of the respondent and not counting an initial adjournment requested by a respondent unrepresented by counsel for the purpose of securing counsel, whichever occurs sooner . . . upon consideration of the equities[.]" (RPAPL § 745(2)(a)).
On the first court date, September 16, 2024, respondent declined a referral for counsel and the case was adjourned, in part, for respondent to file an answer. However, there is no indication in the court's notes or otherwise that the adjournment was "solely at the request of the respondent." At the second court date, November 19, 2024, petitioner's attorney and respondent executed a stipulation to adjourn for motion practice. An adjournment on consent is not [*4]countable for RPAPL § 745 purposes (Myrtle Ventures Five, LLC, 48 Misc 3d at 6). At the next court date, the court heard argument on petitioner's motion and reserved decision. Thus, the court does not find that a basis to award use and occupancy has been triggered under RPAPL § 745 and petitioner's request for the same is denied.
CONCLUSION AND NOTICE OF SUMMARY DETERMINATION
Petitioner's motion is granted only to the extent of the amendments of the petition permitted herein; all remaining requests for relief are denied. The case will be restored to the Part B calendar (8917 Sutphin Boulevard, Room 403, Jamaica, NY 11435) on March 7, 2025 at 9:30 AM. The parties are placed on notice that the court will consider summary determination pursuant to CPLR § 409(b) on the restored date upon the specific issue of petitioner's lack of standing to proceed upon commencement (see Matter of Addesso v. Addesso, 131 AD3d 1052 [2d Dept 2015]). Any submissions on this issue shall be filed to NYSCEF or the Landlord-Tenant clerk's office (Room 209) no later than March 3, 2025 (see COD, LLC v. Ljuljdjuraj, 81 Misc 3d 132[A], 2023 NY Slip Op 51305[U], *1 [App Term, 1st Dept 2023]; Greenport Preserv., L.P. v. Heyward, 74 Misc 3d 46, 47 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]).
This Decision/Order will be filed to NYSCEF and a copy will be mailed to respondent.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: February 7, 2025
Queens, New York
HON. CLINTON J. GUTHRIE, J.H.C.

Footnotes

Footnote 1:The court notes that the correct name of the new owner is "66-07 Fresh Pond Road, LLC."