OPINION OF THE COURT
Michael D. Stallman, J.
Petitioner commenced this summary holdover proceeding on the ground that respondent’s use of a washing machine consti *596 tutes a nuisance. Respondent has made a preanswer motion to dismiss the petition on several grounds, inter alia, that petitioner waived its claim by accepting rent. This motion requires analysis of the recent amendment to RPAPL 731 respecting commencement of a summary proceeding.
Respondent contends that petitioner reinstated respondent’s tenancy by accepting rent after the purported termination of her tenancy and before commencement of this proceeding. At the outset, the court must determine the date on which this proceeding was commenced.
In 1994, the Legislature amended RPAPL 731 to read as follows: "1. The special proceeding prescribed by this article shall be commenced by petition and a notice of petition. A notice of petition may be issued only by an attorney, judge or the clerk of the court; it may not be issued by a party prosecuting the proceeding in person.” (L 1994, ch 563, § 10, eff July 26, 1994.) The amendment simply deleted the words "service of’ from the preexisting text immediately before "petition and notice of petition”.
A casual reading of the newly amended statute might lead one to believe that a summary proceeding is now commenced upon filing, not service, of the petition and notice of petition; and that, at least for purposes of summary proceedings, the Civil Court became a "commencement by filing” court. Examination of the statute and its legislative history demonstrates that the 1994 amendment to RPAPL 731 had no effect on the Civil Court. Rather, except for small claims actions, the Civil Court remains a commencement by service court.
The amendment did not substitute the word "filing” for "service”. Rather, by deleting "service of’, and containing no reference to either service or filing, the new RPAPL 731 provides the flexibility needed by the current system. RPAPL 731 is a State-wide law of general application. It applies to all summary proceedings wherever they are commenced. Depending on the locality, one may commence a summary proceeding in either a filing court (e.g., County Court outside New York City) or in a service court (e.g., Civil Court of the City of New York; City and Justice Courts outside of New York City; District Courts in Nassau and Suffolk Counties). (See, Stall-man, Organization of Civil Practice and the Courts, in Chase, Weinstein-Korn-Miller CPLR Manual § 1.04 [f], [j]-[m], [q].)
As the supporting memorandum of the Office of Court Administration makes clear, chapter 563, section 10 was one *597 of several conforming amendments designed to remove potentially confusing language from various consolidated laws so as to better coordinate them with the new commencement by filing law, chapter 216 of the Laws of 1992. (See, 1994 McKinney’s Session Law News of NY, at A-1074.) Because actions in the Supreme and County Courts are now commenced by filing, rather than by service of process, preexisting, now conflicting references to commencement by service in the RPAPL and other statutes would have wrought confusion when proceedings governed by those laws were brought in the Supreme and County Courts.
The commencement by filing law is applicable only to the Supreme and County Courts, and not the Civil Court. CCA 400, adopted in 1992 as part of the commencement by filing law, so provides. Moreover, it specifies that service of the notice of petition or order to show cause is required for commencement of and jurisdiction over, a special proceeding in the Civil Court. (L 1992, ch 216, § 15.) The other lower court acts contain similar provisions. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29, CCA 400, 1995 Pocket Part.)
The 1994 amendment to RPAPL 731 did not affect the time and manner of commencement of Civil Court summary proceedings. No other provision amended CCA 400. Completion of service of the petition and notice of petition remains a necessary prerequisite for commencement of a summary proceeding in the Civil Court.
It is undisputed that petitioner served the notice of termination on respondent on April 5, 1994, which purported to terminate her tenancy effective April 21, 1994. The notice of petition was issued by the Clerk of the Court on April 27, 1994. Respondent asserts that she paid her April 1994 rent on May 3, 1994 in person at petitioner’s office.
According to the process server’s affidavit, the notice of petition and petition were served on respondent by conspicuous place service on May 4, 1994, following a first attempt on May 3, 1994; the follow-up mailings were done on May 4, 1994. The court stamp shows that this affidavit of service was filed on May 5, 1994.
When service of the notice of petition and petition is made other than by personal delivery to respondent, it is not complete until the filing of proof of service. (RPAPL 735 [2] [b]; Park Holding Co. v Grossman, NYLJ, Apr. 2, 1993, at 25, col 2 *598 [App Term, 1st Dept].) Accordingly, service of the within notice of petition and petition was completed on May 5, 1994.
Petitioner’s acceptance of rent on May 3, 1994, after service of the notice of termination on April 5, 1994, and prior to commencement of this summary proceeding on May 5, 1994, warrants dismissal of this proceeding. (Excelsior 57th Corp. v Howard, NYLJ, Aug. 14, 1991, at 21, col 2 [App Term, 1st Dept]; cf., Associated Realties v Brown, 146 Misc 2d 1069 [while the notice informed the tenant to vacate the premises, the subsequent acceptance of rent for a period after expiration of the notice invited the tenant to remain in possession, thus vitiating the message in the notice].)
Accordingly, because petitioner reinstated respondent’s tenancy by accepting rent after its purported termination, but before commencement of this proceeding, this proceeding is hereby dismissed. The other grounds for dismissal are moot and need not be addressed.