OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In this holdover proceeding based on the termination of a month-to-month tenancy effective May 31, 2013, the record reveals that landlord purchased an index number on June 7, 2013; that landlord accepted June 2013 rent on June 10, 2013; and that the petition and notice of petition were served on tenant by substituted service on June 13, 2013 and by mailing on June 14, 2013. Tenant moved to dismiss the petition, arguing that landlord’s acceptance of the June rent prior to the service of the petition and notice of petition had reinstated the tenancy. Landlord opposed the motion, arguing, based on the second sentence of RPAPL 711 (1), which provides that “[acceptance of rent after commencement of the [holdover] proceeding . . . shall not terminate such proceeding nor effect any award of possession to the landlord,” that it was entitled to accept rent after the index number had been purchased without reinstating the tenancy, as the proceeding had commenced upon filing (see CCA 400).
The Civil Court, ruling that a summary proceeding is commenced upon service, granted tenant’s motion to dismiss the petition.
*23 We affirm, albeit based upon a somewhat narrower rationale.
By chapter 452 of the Laws of 2005, the legislature changed the practice in the Civil Court to a commencement-by-filing system. CCA 400 was amended to provide, in pertinent part:
“1. An action is commenced in this court by filing a summons and complaint. A special proceeding is commenced by filing a notice of petition and petition or order to show cause and petition. For purposes of this section, and for purposes of section two hundred three of the civil practice law and rules, filing shall mean the delivery of the summons and complaint, the notice of petition and petition or order to show cause and petition to the clerk of the court in the county in which the action or special proceeding is brought together with any fee required by section nineteen hundred eleven of this act.”
It was initially unclear whether this change was intended to apply to summary proceedings, partly because the rules governing summary proceedings are found, for the most part, in RPAPL article 7, not in the New York City Civil Court Act. For instance, Professor Siegel opined, upon the passage of the 2005 amendment changing the Civil Court to a commencement-by-filing system, that the change was not intended to apply to summary proceedings (165 Siegel’s Practice Review 2, Effect on Summary [Landlord / Tenant] Proceedings [Sept. 2005] [“it was the understanding of the New York City Civil Court and its personnel that the summary proceeding would be in no way affected by the new law”]), which also is the position taken by the Civil Court in the instant case. Some courts, however, have applied a contrary rule (see e.g. ABN Assoc., LLC v Citizens Advice Bur., Inc., 27 Misc 3d 143[A], 2010 NY Slip Op 51075[U] [App Term, 1st Dept 2010]; 207-213 W. 144th St. HDFC v Jenkins, 44 Misc 3d 1224[A], 2014 NY Slip Op 51300[U], *3 [Civ Ct, NY County 2014]).
RPAPL 731 formerly provided that a summary proceeding is commenced by “service of” a petition and notice of petition. In 1994, this section was amended to delete the words “service of” (L 1994, ch 563, § 10). According to the Office of Court Administration’s memorandum, this change was made to clarify that summary proceedings “are within the commencement by filing system” (1994 McKinney’s Session Laws of NY at 3306) in courts where that system was then in effect (see *24 528 E. 11th St. H.D.F.C. v Durieaux, 164 Misc 2d 595, 596-597 [Civ Ct, NY County 1995]). Based on this clearly expressed intention in the legislative history to make summary proceedings subject to the commencement-by-filing system in courts in which that system applies (it does not apply in the justice courts), we hold that a summary proceeding is commenced by filing in the Civil Court.
However, that does not conclude the analysis. To support its claim that it was entitled to accept rent without vitiating the termination notice, landlord is here relying on the provision in RPAPL 711 (1), quoted above, which allows a landlord to accept rent after the commencement of the proceeding. This provision was initially added to the predecessor statute, Civil Practice Act § 1410, in 1946 (L 1946, ch 684 [which added subdivision (8)]), at which time summary proceedings were commenced by service, not filing. Therefore, until the effective date of the 2005 amendment of CCA 400, a landlord’s acceptance of rent after filing (see CCA 401 [c]) but before service would have vitiated the landlord’s right to maintain a holdover proceeding, at least in the Civil Court. The question presented is whether the change to the commencement-by-filing system was meant to alter the preexisting rule regarding acceptance of rent, i.e., does the reference in RPAPL 711 (1) regarding the acceptance of rent after the commencement of the proceeding still relate to when the tenant is served or, by virtue of the amendment of CCA 400, does it now refer to when the petition is filed?
As the Court of Appeals has acknowledged, the “main reason for converting from a commencement-by-service to a commencement-by-filing system was to raise money for the State coffers” (Matter of Fry v Village of Tarrytown, 89 NY2d 714, 719 [1997]). As this purpose has nothing to do with the factors bearing on the issue of whether an acceptance of rent vitiates a termination notice, it is our view that the question of when a summary proceeding is “commenced” must now be answered differently, in this context and others, depending on the context in which the question arises. For example, the rule is that, in a summary proceeding, the respondent must be in possession of the premises at the time the proceeding is commenced in order for the proceeding to lie (2 Robert F. Dolan, Rasch’s Landlord and Tenant—Summary Proceedings § 38:26 at 593 [4th ed 1998]; see e.g. Radlog Realty Corp. v Geiger, 254 App Div 352 [1938]; O’Connell v Singletary, 31 Misc 3d 126[A], 2011 NY Slip Op 50439[U] [App Term, 2d Dept, 9th & 10th *25 Jud Dists 2011]). Clearly, since this rule involves the acquisition of jurisdiction, “commencement” in this context must continue to be defined by service of the petition and notice of petition, not when they are filed, for jurisdiction is obtained upon service, not upon filing (see e.g. Siedlecki v Doscher, 33 Misc 3d 18 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
A related rule is that a respondent’s removal after the “commencement” of the proceeding does not divest the court of jurisdiction (2 Robert F. Dolan, Rasch’s Landlord and Tenant— Summary Proceedings § 38:27 at 593 [4th ed 1998]; see e.g. Sowalsky v MacDonald Stamp Co., 31 AD2d 582 [1968]; Mauer-Bach Realty LLC v Gomez, 43 Misc 3d 141 [A], 2014 NY Slip Op 50845 [U] [App Term, 1st Dept 2014]; Tricarichi v Moran, 38 Mise 3d 31 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). In this context, too, since the issue is one of jurisdiction, “commencement” must continue to be defined in terms of service of the petition and notice of petition, not by reference to a filing date.
Another example is the rule that a surrender by a tenant after the commencement of the proceeding will terminate the tenancy, because the service of a petition gives the tenant “an option to consider the lease cancelled and to vacate the premises” (Sno-Wite, Inc. v Gerald Operating Corp., 271 App Div 314, 317 [1946]; see Cornwell v Sanford, 222 NY 248 [1918]; Patchogue Assoc. v Sears, Roebuck & Co., 37 Misc 3d 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Here, too, it would seem that the determinative act of commencement should remain service, not filing, because if the tenant is being given an option to terminate, the tenant must be put on notice of the option (see Cornwell, 222 NY at 253 [“the issuance and service of the precept . . . cancels the lease . . . as of the time of the removal; the service of the precept is an election and declaration on the part of the landlord that the tenant should remove” (emphasis added)]).
Returning to the case at bar, it would appear that “commencement,” in the context of the rule regarding an acceptance of rent, should continue to be defined in terms of service, not filing. The intent of the language in question in RPAPL 711 (1) and in the predecessor statute, Civil Practice Act § 1410 (8), was to allow the tenant to pay and the landlord to accept rent after the commencement of the proceeding without prejudicing their respective positions. As noted in a memorandum submitted in support of the legislation:
*26 “There is no reason why a tenant should not pay rent during the pendency of summary proceedings nor is there any reason why the landlord should not accept such rent so long as the tenant continues to occupy the landlord’s premises. After all, the landlord is entitled to be paid for the use and occupancy of his building or space so long as the tenant continues to have the use thereof.
“Not infrequently, however, the tenant is afraid to pay and the landlord is afraid to receive rent moneys which both would agree to be equitably due, because of fear of prejudicing their respective positions in proceedings pending under subdivision 1 of Section 1410, which subdivision relates to summary proceedings in cases where the tenant holds over and continues in possession of the premises after the expiration of his term without the permission of the landlord. The new subdivision 8 provided for in the bill would remove this fear” (Mem of Association of Bar of City of NY, Comm on State Legislation, Bill Jacket, L 1946, ch 684).
If this is the purpose of the legislation, it would seem that the legislature contemplated that both the landlord and the tenant must be on notice, when rent is accepted, of the commencement. We therefore conclude that “commencement” in this context should remain keyed to service, not to filing (contra ABN Assoc., LLC v Citizens Advice Bur., Inc., 27 Misc 3d 143[A], 2010 NY Slip Op 51075[U] [2010]; 207-213 W. 144th St. HDFC v Jenkins, 44 Misc 3d 1224[A], 2014 NY Slip Op 51300[U], *3 [2014]). Consequently, by accepting the June 2013 rent before the service of the papers on tenant, landlord vitiated its notice of termination (see St. Catherine of Sienna Roman Catholic Church, at St. Albans, Queens County v 118 Convent Assoc., LLC, 44 Misc 3d 8, 11 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Vendome v Tasoulis, NYLJ, Feb. 2, 1994 at 23, col 5 [App Term, 2d Dept, 2d & 11th Jud Dists]; Guy v Furman, 4 Misc 2d 564 [App Term, 1st Dept 1956]).
Accordingly, the order is affirmed.
Pesce, P.J., Weston and Solomon, JJ., concur.