Valerie Knowles, Respondent,
against
North Clinton Associates, A Partnership, Appellant.



Appeal from a judgment of the District Court of Suffolk County, Second District (James F. Matthews, J.), entered March 11, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $4,060 and dismissed defendant's counterclaim.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action against defendant, her former landlord, to recover her security deposit in the amount of $4,060. Defendant counterclaimed, insofar as relevant to this appeal, for damages allegedly due under the lease for the period after defendant purportedly terminated the lease. After a nonjury trial, the District Court awarded plaintiff the principal sum of $4,060 and dismissed defendant's counterclaim. On appeal, defendant contends that, after it terminated the lease, based on plaintiff's improper conduct, plaintiff was liable pursuant to the cancellation clause of the lease for two months of rent in the amount of $2,800, representing the time between when plaintiff vacated the premises and a new tenant began to pay rent, and for a rent concession to the new tenant, which was in the amount of $1,000. Thus, defendant contends, the award to plaintiff should be reduced by the total sum of $3,800.
In our view, defendant fails to show that "substantial justice has not been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Williams v Roper, 269 AD2d 125 [2000]). The record establishes that, subsequent to its purported termination of the lease and before plaintiff vacated, defendant accepted the following month's rent from plaintiff, thus vitiating its notice of termination (see e.g. 92 Bergenbrooklyn, LLC v Cisarano, 50 Misc 3d 21 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Under the circumstances, defendant cannot recover pursuant to the lease's cancellation clause.
Accordingly, the judgment is affirmed.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: December 07, 2016