Doc Realty Mgt. Inc. v Morales (2024 NY Slip Op 24239)

[*1]

Doc Realty Mgt. Inc. v Morales

2024 NY Slip Op 24239

Decided on September 3, 2024

Civil Court Of The City Of New York, Queens County

Sanchez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 3, 2024
Civil Court of the City of New York, Queens County

Doc Realty Management Inc., Petitioner(s),

against
Jasmin Morales, HENRY GERMAN, "John" "Doe", "Jane" "Doe", Respondent(s).

Index No. LT-304022-24/QU

Enedina Pilar Sanchez, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and
Affidavits /Affirmations annexed 1
Answering Affidavits/ Affirmations 2
Reply Affidavits/ Affirmations 3
NYSCEF Doc. No. 1-13
Procedural History
This holdover proceeding is predicated upon an expired lease term. The subject premises are described as a legal 2-family with a multiple dwelling registration number. A 90-day termination notice was issued by Petitioner on or about November 16, 2023.
On or about March 5, 2024, Petitioner's counsel prepared the Petition and Notice of Petition. The Affirmation of Service from Petitioner's counsel provides that the Petition and Notice of Petition were served on Respondent on May 7, 2024. The first assigned court date was May 20, 2024.
Respondent Jasmin Morales appeared by counsel, the New York Legal Assistance Group and filed a Verified Answer. Among the defenses included in the Answer, Respondent asserts the Good Cause Eviction Law. The Good Cause Eviction Law (GCE), Laws 2024, ch56, §7 (Part HH), became effective on April 20, 2024.
Motion to Dismiss or Discovery
On or about July 9, 2024, Respondent filed a Notice of Motion to Dismiss or Discovery. Petitioner has opposed the motion to dismiss. The parties have argued their position and the decision was marked reserved on August 26, 2024.
Legal Discussion and Conclusion
The Good Cause Eviction Law became effective on April 20, 2024. See, Laws 2024, ch56, §7(Part HH). The instant case was commenced upon the service of the Notice of Petition and [*2]Petition which occurred on May 7, 2024, after the effective date of the law.
This proceeding was commenced upon service, on or about May 7, 2024, and on the commencement date the Good Cause Eviction Law was in place, and as such, it is applicable to the instant case. See, 92 Bergenbrooklyn LLC v. Cisarano, 50 Misc 3d 21[App Term, 2d, 11th, and 13th Jud. Dists 2015]; South Brooklyn Ry v. Heung Man Lau, 2024 NY Slip Op 24139 [Civ Ct, Kings Co. 2024]; Hillside Place, LLC v. Rahman, 79 Misc 3d 1207(A), 2023 NY Slip Op 50549(U) [Civ Ct, Queens Co. 2023].
The Good Cause Eviction Law made amendments to RPAPL §741 by including subsection 5a and 5b and created Article 6-A under the Real Property Law (RPL).
Section 741. Contents of petition.
The petition shall be verified by the person authorized by section seven hundred twenty-one to maintain the proceeding; or by a legal representative, attorney or agent of such person pursuant to subdivision (d) of section thirty hundred twenty of the civil practice law and rules. An attorney of such person may verify the petition on information and belief notwithstanding the fact that such person is in the county where the attorney has his office. Every petition shall:
1. State the interest of the petitioner in the premises from which removal is sought.
2. State the respondent's interest in the premises and his relationship to petitioner with regard thereto.
3. Describe the premises from which removal is sought.
4. State the facts upon which the special proceeding is based.
5. State the relief sought. The relief may include a judgment for rent due, and for a period of occupancy during which no rent is due, for the fair value of use and occupancy of the premises if the notice of petition contains a notice that a demand for such a judgment has been made. 5-a. [Expires and repealed June 15, 2034] Append or incorporate the notice required pursuant to section two hundred thirty-one-c of the real property law, which shall state the following: (i) if the premises are or are not subject to article six-A of the real property law, the "good cause eviction law", and if the premises are exempt, such petition shall state why the premises are exempt from such law; (ii) if the landlord is not renewing the lease for a unit subject to article six-A of the real property law, the lawful basis for such non-renewal; and (iii) if the landlord is increasing the rent upon an existing lease of a unit subject to article six-A of the real property law above the applicable local rent standard, as defined in subdivision eight of section two hundred eleven of the real property law, the justification for such increase. 5-b. [Expires and repealed June 15, 2034] If the petitioner claims exemption from the provisions of article six-A of the real property law pursuant to subdivision one of section two hundred fourteen of the real property law, append or incorporate the information required pursuant to subdivision one of section two hundred fourteen of the real property law. [Emphasis Supplied]
NY CLS RPAPL § 741
These two new subsections to PRAPL §741 clearly call for additional information to be included in the contents of the petition. The notice provisions, which became effective on August 18, 2024, do not modify RPAPL §741. The notice provisions found in RPL §231-c, do not cancel the information required in the petition pursuant to RPAPL §741.5-a and 5-b. The [*3]notice provisions under §231-c may not have been applicable to the instant predicate notice since the predicate notice was issued before the passage of the law. The §231-c notices are now effective.
The pleading provisions under §741.5-a and 5-b, however, do apply and require Petitioner to append or incorporate the information required for it to claim an exemption from the Good Cause Eviction Law. The argument that the termination notice took this proceeding out of the Good Cause Eviction Law is not supported by the effective date of law on April 20, 2024.
Petitioner's argument that the Good Cause Eviction Law does not apply to this proceeding is mistaken and it is not supported by the very language in RPAPL §741.5-a and 5-b. The statutory language in §741.5-a and 5-b allows Petitioner to append or incorporate the information required. The notice provisions effective August 18, 2024 would be applicable to notices in new leases, renewal leases, and predicate notices issued on and after said date. The pleading requirements pursuant to RPAPL §741, became effective on April 20, 2024.
Petitioner does not seek to amend the pleadings, append, or incorporate the information in the content of the petition. It argues that it is the responsibility of the Respondent to conduct an "online search" of the subject premises. The statute, however, does not impose upon Respondent the responsibility to search the status of the property or owner. Moreover, the information is readily available to the Petitioner. Petitioner has the obligation to plead its position accordingly. The argument that the Good Cause Eviction Law does not apply because the termination notice ended the tenancy is not supported by law; such an argument would then be taken to the bizarre conclusion that every termination notice would cancel the requirements of §741.5-a and 5-b.
Based upon the arguments presented and the clear language of §741.5-a and 5-b, Respondent's motion to dismiss this holdover proceeding is granted.
Accordingly, it is,
ORDERED that the proceeding is dismissed without prejudice.
This Decision/Order will be filed to NYSCEF.
This constitutes the Decision/Order of the Court.
Hon. Enedina Pilar Sanchez, J.H.C.
Dated: September 3, 2024 Queens, New York