QN St. Albans Holdings LLC v Sands (2024 NY Slip Op 24252)

[*1]

QN St. Albans Holdings LLC v Sands

2024 NY Slip Op 24252

Decided on September 26, 2024

Civil Court Of The City Of New York, Queens County

Schiff, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 26, 2024
Civil Court of the City of New York, Queens County

QN St. Albans Holdings LLC, Petitioner,

against
Richard Sands, et al., Respondents.

Index No. L&T 305136-24

Counsel for Petitioner:
Nissan Shapiro, Esq.
Counsel for Respondent:
Queens Legal Services

Logan J. Schiff, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of Respondent's motion to dismiss (Mot. Seq. #1), and Petitioner's cross-motion to amend (Mot. Seq. #2): NYSCEF 7-35.
Upon the foregoing cited papers, the court's decision and order is as follows:
RELEVANT BACKGROUND AND PROCEDURAL HISTORY
Petitioner filed the subject holdover proceeding premised on the termination of a tenancy at will on March 26, 2024, following service of a 30-day notice of termination (NYSCEF 1-2). The Petition, which seeks to recover possession of a one-family home in Queens, New York, was assigned an initial return date of June 11, 2024 (NYSCEF 3). Petitioner effectuated personal service on Respondent Richard Sands on May 31, 2024 (NYSCEF 4).
Respondent filed an attorney-answer on August 19, 2024, in which he alleges, inter alia, that the Petition is fatally defective for failing to plead a "Good Cause" ground for eviction as required by the recently enacted Good Cause Eviction Law (hereinafter GCEL), which was signed into law on April 20, 2024, and restricts the grounds for removal in covered dwellings in actions or proceedings commenced on or after the effective date of the statute (L 2024, ch 56, part HH §§ 1 and 7).
Respondent now moves for summary judgment based on Petitioner's failure to plead [*2]whether the premises are subject to GCEL, and the lack of an articulated Good Cause basis for removal under the statute insofar as Respondent asserts that the unit is a covered dwelling. Respondent argues that for purposes of determining the commencement date of a summary proceeding under GCEL, the court should look to the service of the initiating papers rather than the filing date. In support of this position, Respondent cites to the Appellate Term's decision in 92 Bergenbrooklyn, LLC v Cisarano, which held that the commencement in a summary proceeding "depend[s] on the context in which the question arises" and noted in dicta that the common law rule that a summary proceeding may only be commenced against a party remaining in possession should be dictated by the date of service rather than filing, since that is when personal jurisdiction is acquired (50 Misc 3d 21, 24-25 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
In opposition Petitioner argues that dismissing the Petition based on restrictions on eviction filings subsequently created by GCEL would have an impermissible retroactive effect in violation of Petitioner's due process rights, and the court should therefore should key commencement to filing for purposes of its analysis. In the alternative, Petitioner cross-moves to interpose an Amended Petition, in which it alleges that while the subject premises are a covered dwelling subject to GCEL, it has good cause to evict as it desires to redevelop the property and withdraw it from the rental market, a permissible ground for eviction under the statute (see RPL 216(1)(i)).
ANALYSIS
New York's Good Cause Eviction Law (GCEL) was enacted on April 20, 2024 (L 2024, ch 56, part HH). The statute imposes several new notice provisions obligating landlords to state if housing accommodations are subject to Good Cause in lease offers and pre-eviction notices (id. at §§ 2-5). While these notice requirements were not phased in until August 18, 2024, one hundred twenty days after the effective date of the statute (L 2024, ch 56, part HH, § 7(a)), the remaining portions of GCEL "take effect immediately and shall apply to actions and proceedings commenced on or after such effective date [April 20, 2024]" (L 2024, ch 56, part HH, § 7). This includes § 1 of GCEL, which adds Article 6-A to the Real Property Law (RPL) and provides that a GCEL-covered tenant can only be removed from possession based on one of the Good Cause grounds enumerated in RPL 216(1)(a)-(j). Thus, for any eviction proceeding commenced on or after April 20, 2024, a petitioner must plead if the housing accommodation is subject to GCEL (see RPAPL 741), and in the case of covered units it must demonstrate a Good Cause ground for removal (see RPL 216).
Although GCEL does not define the word "commence," Civil Court Act (CCA) § 400 provides that an action or proceeding in Civil Court is "commenced by filing a notice of petition and petition . . . " The Appellate Terms in both the First and Second Departments have cited CCA § 400 in concluding that the commencement date of a summary eviction proceeding in housing court, a specialized part within the Civil Court (see CCA § 110), is based on the date of filing (see Sebco Hous. Dev. Fund Co., Inc. v Acosta, 66 Misc 3d 147[A] [App Term, 1st Dept 2020]; Brown v Felton, 58 Misc 3d 161[A] [App Term, 1st Dept 2018]; 92 Bergenbrooklyn, LLC v Cisarano, 50 Misc 3d 21 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015] ["[W]e hold that a summary proceeding is commenced by filing in the Civil Court."]).
In Cisarano, the Appellate Term reviewed the legislative history surrounding the amendment in 005 of CCA § 400 resulting in a shift from a commencement by service to a commencement by filing system and concluded that the legislature intended it to apply to [*3]summary proceedings (id. at 24). Despite this change, the Cisarano court held that commencement should remain tied to service for purposes of the common law rule of vitiation, whereby a landlord reinstates a tenancy and renders defective a predicate termination notice by accepting rent prior to litigation. While RPAPL 711(1), the statute creating the grounds for a holdover proceeding against a tenant, offers a petitioner safe harbor from vitiation for use and occupancy payments accepted pendente lite, it only applies to funds tendered after the commencement of a summary proceeding. In concluding that commencement should remain based on service rather than filing in this context, the Appellate Term reasoned that the legislative purpose of RPAPL 711(1) is "to allow the tenant to pay and the landlord to accept rent after the commencement of the proceeding without prejudicing their respective positions," which can only occur once both sides are on notice of the proceeding, namely after service of the initiating papers (Cisarano at 26).
In contrast to the matter of vitiation, commencement of an eviction proceeding for purposes of GCEL coverage is a matter of claim viability that does not hinge on a mutual understanding between the parties. More analogous are appellate holding addressing when an action or proceeding is commenced in Civil Court for purposes of the statute of limitations (see CPLR 203(a)), which have relied upon CCA § 400 in basing commencement on filing rather service (see Jamaica Dedicated Med. Care, P.C. v USAA Cas. Ins. Co., 64 Misc 3d 138 [A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; EBM Med. Health Care, P.C. v Amica Mut. Insc. Co., 32 Misc 3d 144[A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Diamond Chiropractic, P.C. v Utica Mut. Insc. Co., 16 Misc 3d 134[A] [App Term, 2d & 11th Jud Dists 2007]). Even though the respondent in such cases may lack notice of the claim at the time it is filed, and they may even presume the statute of limitations has run, the claim remains commenced and preserved upon filing rather than service.
In the present matter, at the time the Petition was filed, the law allowed a party to terminate an unregulated tenancy at will without cause (see RPL 228, RPAPL 711(1)), a legal act that did not require the participation or consent of Respondent. Under such circumstances, this court cannot discern any reason to depart from the plain language of CCA 400 in defining commencement as the date of filing. Furthermore, tying commencement to service would render an otherwise properly filed petition defective after the fact. The court presumes the legislature sought to avoid such a retroactive result inasmuch as it provided landlords with a one-hundred twenty-day cushion to comply with the new predicate notice requirements in GCEL advising tenants if their housing accommodation is subject to Good Cause (L 2024, ch 56, part HH, § 7(a)). In doing so, the legislature allowed non-renewal and termination notices served pursuant to RPL 226-c and RPL 232-a before the passage of GCEL, some requiring as much as 90 days of notice, to remain viable, indicative of a legislative intent to avoid invalidating legal papers that complied with the law when they were prepared.
CONCLUSION
For the foregoing reasons, this court concludes that a proceeding is commenced upon filing rather than service for purposes of the Good Cause Eviction Law. Accordingly, because the Petition here was filed on March 26, 2024, before the statute's effective date of April 20, 2024, Petitioner was not required to plead or establish a Good Cause ground for eviction, and Respondent's motion to dismiss on this basis is denied. Petitioner's cross-motion to amend is denied as academic. The proceeding is adjourned to October 31, 2024, at 930 a.m. for all purposes. This constitutes the decision and order of the court.
Dated: September 26, 2024
Queens, New York
HON. LOGAN J. SCHIFF, J.H.C.