Sin Hang Lau v Yun He Zheng (2025 NY Slip Op 25001)

[*1]

Sin Hang Lau v Yun He Zheng

2025 NY Slip Op 25001

Decided on January 2, 2025

Civil Court Of The City Of New York, Kings County

Ortiz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 2, 2025
Civil Court of the City of New York, Kings County

Sin Hang Lau, WING YAN LAU, Petitioner,

against
Yun He Zheng, WEN XIE ZHENG, WEN JING ZHENG, Respondent, 
 "JOHN DOE & JANE DOE," Co-Respondents.

Index No. L&T 303685/2024

Tsui Chi Yeung, Esq.
Stonee Tsui Chi Yeung, P.C.
New York, NY 
Attorney for petitioner
Karsin Williard, Esq.
Riseboro/LEAP
Brooklyn, NY 
Attorneys for respondent

Javier E. Ortiz, J.

Papers                 Numbered
(Sequence 1) Respondent's Notice of Motion, along with supporting affirmation 1 and 2
(Sequence 1 & 2) Petitioner's Notice of Cross Motion and Opposition, along with supporting affirmation, affidavit and exhibits 3, 4, 5, 6, 7, and 8 
(Sequence 1 & 2) Respondent's Reply Affirmation and Opposition to the Cross motion, along with supporting affidavits 9 and 10
(Sequence 2) Petitioner's Reply Affirmation 11
Papers considered: (NYSCEF Doc Nos. 6 through 17)
At controversy here is the effective date of certain portions of New York's Good Cause Eviction Law (hereinafter "GCEL"), which requires landlords to plead in the petition a "Good Cause" ground for a summary proceeding. Respondent here argues that the petition is fatally defective for failure to plead or mention any information regarding the GCEL. Petitioner in response argues that the pleading requirement did not go into effect until August 18, 2024, nine (9) days after the proceeding commenced. For the reasons stated below, this Court holds that while the Petitioner filed the affidavit of service for the notice of petition and petition after the initial effective date of the law, the proceeding commenced before the new pleading requirements went into effect, and, in any event, Petitioner has moved promptly to amend any possible defect. Thus, as further discussed below, the Court denies Respondent's motion to dismiss and grants Petitioner's cross motion to amend.
Procedural and Factual Background
The petition in this summary holdover proceeding alleges that Respondent(s) are month-to-month tenants who entered into possession of the subject premises in or about December 1998 and whose tenancy was terminated by way of a 90-day Notice of Termination dated September 8, 2023. (NYSCEF Doc. 1). The petition also alleged that the subject premises is not rent stabilized as the building only consists of two units. (NYSCEF Doc. 1). It is undisputed that the petition lacks any information regarding the GCEL.
On or about October 1, 2024, Respondent WEN JING ZHENG, the only appearing Respondent, (hereinafter "Respondent"), retained RiseBoro/LEAP as his attorney. Respondent, through his counsel, filed the instant motion to dismiss pursuant to CPLR §§3211(a)(1) & (7) on the basis that Petitioner failed to comply with the pleading requirements promulgated by the GCEL. (L 2024, ch 56, part HH). In response, Petitioner filed a cross motion to amend the petition pursuant to CPLR §3025 to comply with the new pleading/notice requirements as required under GCEL.
The procedural timeline regarding the commencement of the case is worth underscoring: Petitioner served a notice of termination dated September 8, 2023, with a vacate date of December 31, 2023; a petition was dated and verified on January 9, 2024; and Petitioner filed an affidavit of service for the pleadings on August 9, 2024, which was after the initial effective date of the GCEL, but before the effective date other relevant portions of the law.
Discussion
Good Cause Eviction Law
New York's GCEL was enacted on April 20, 2024. Subject to certain exceptions, this law limits landlords from recovering possession of certain categories of apartments or housing accommodations except for good cause as defined by Real Property Law (hereinafter "RPL") §216. (L 2024, ch 56, part HH, §1). The Court begins with Section 3 of the statute which adds [*2]§231-C to the RPL. (L 2024, ch 56, part HH, §3). RPL §231-C requires landlords "append to or incorporate into any . . . petition pursuant to section seven hundred forty-one of the real property action and proceeding law" (hereinafter "RPAPL §741") the notice to tenants regarding, inter alia, information as to whether a specific unit is subject to the GCEL. (L 2024, ch 56, part HH, §3[1]). 
RPAPL §741, even before GCEL was enacted, governs the contents of a petition. Section 5 of the GCEL amends §741 to add two new subdivisions, 5-a and 5-b. (L 2024, ch 56, part HH, §5). In short, these new sections require a landlord to "plead if the housing accommodation is subject to GCEL, (see RPAPL §741), and in the case of covered units it must demonstrate a Good Cause ground for removal." (See RPL §216; QN St. Albans Holdings LLC. v. Sands, 219 N.Y.S.3d 856, 2024 NY Slip Op 24252 at *4 [Civ. Ct. Queens County 2024]).
It is worth noting that part of the GCEL became effective immediately upon its passing on April 20, 2024, while a portion of the statute became effective on August 18, 2024, one hundred twenty (120) days later. (L 2024, ch 56, part HH, § 7[a]). The timing of when the statute went into effect is pertinent here as the GCEL applies to all cases commenced after April 20, 2024. For purposes of this motion, the Court must answer when this proceeding commenced and whether it was subject to the new provisions under RPAPL §741 which govern the GCEL contents of the petition.
Commencement of the Proceeding and Effective Date of the Statute?
Respondent avers that this proceeding commenced on August 9, 2024, when Petitioner filed the affidavit of service for the notice of petition and petition. (NYSCEF Doc. 7, Ln. 18.) Respondent further argues that the new RPAPL §741(5)(a) & (b) went into effect on April 20, 2024. (NYSCEF Doc. 7, Ln. 16.) To start, this argument relies on the underlying notion that commencement is defined by service of the petition and notice of petition, not when they are filed, for jurisdiction is obtained upon service, not upon filing. (92 Bergenbrooklyn, LLC v. Cisarano, 50 Misc 3d 21, 24-25 [App. Term 2nd Dept. 2015]).
This Court finds the argument unavailing. Respondent's definition of commencement is one that is used in the context of vitiation, i.e., the landlord's retention of a rent between the termination date in a predicate notice and a commencement of a holdover.(184 West 10th Corp. v. Westcott, 8 Misc 3d 132(A) [App. Term 1st Dept. 2005]). 
Instead, this Court finds the reasoning of QN St. Albans Holdings LLC. v. Sands compelling. (2024 NY Slip Op 24252 at *6). The Court in Sands stated that "commencement of an eviction proceeding for purposes of GCEL" is the date of filing and not the date of service. (Id.; see Civil Court Act §400[1]). Although this Court usually takes the position that "commencement" for purposes of vitiation is defined by service of the petition and notice of petition, (Cisarano, 50 Misc 3d at 24-25.), this does not apply when the alternative would impair rights Petitioner possessed when it acted, vis-à-vis the filing of the petition, and increase Petitioner's liability for past conduct, or impose new duties with respect to transactions already completed. (Matter of Regina Metro. Co., LLC v. NY State Div. of Hous. & Cmty. Renewal, 35 NY3d 332, 365 [2020]). It is axiomatic that Courts do not favor retroactive operation of legislation and will only construe a statute retroactively if the statutory language expressly or by necessary implication requires it, (Matter of Leon St. Clair Nation v. City of New York, 14 NY3d 452, 456-457 [2010]), or if the Legislature's preference for retroactivity "plainly manifest[s]" the intention to do so. (In re Marino S., 100 NY2d 361, 370-71, cert. denied sub nom., Marino S. v. Angel Guardian Children & Family Servs., 540 U.S. 1059 [2003]; Matter of Regina Metro. Co., [*3]LLC, 35 NY3d at 365.) Here, nothing in the GCEL expresses a legislative intention for a retroactive operation of the statute.
The Court finds Petitioner's Exhibit 2 to their cross motion compelling insofar as the New York State Legislation printout indicates that the new RPAPL §741 went into effect on August 18, 2024. (NYSCEF Doc. 12.) To state otherwise and argue that that this proceeding commenced in August, while the petition was verified in January would invalidate properly filed papers after their preparation and would create a retroactive application of the GCEL absent any legislative intent to do so. (Matter of Regina Metro. Co., LLC, 35 NY3d at 370-371 [stating that "expression of intent must be sufficient to show that the legislature contemplated the retroactive impact on substantive rights and intended that extraordinary result."])
In an attempt to reconcile any retroactive prejudice to Petitioner, Respondent cites to Doc Realty Management Inc. v. Morales, which stands for the proposition that the pleading requirements pursuant to RPAPL §741 became effective on April 20, 2024. (N.Y.S.3d, 2024 NY Slip Op 24239 [Civ. Ct. Queens County 2024]). The Court respectfully disagrees and takes the position that the effective date of RPAPL §741(5)(a) & (b) was in fact August 18, 2024, nine (9) days after Petitioner filed the affidavit of service for the pleadings. The facts in Morales are dissimilar to the case at bar as Petitioner in that case did not move amend the pleadings or "incorporate the information in the content of the Petition." (Id.) Further, Petitioner, here, has never asserted that the GCEL does not apply because the "termination notice ended the tenancy." (Id.) Instead, Petitioner asserts in their proposed amended petition, that they are a "small landlord who owns no more than ten (10) units", which would be one of the exemptions from the GCEL. (NYSCEF Doc. 14, Ln. 9; see RPL §214[1]).
Additionally, the Court notes, unlike the facts in Morales, that the petition in this proceeding was filed back in January 2024, prior to the enactment date and/or passage of any portion of the GCEL legislation. It is also worth noting that the first court date for this proceeding was on August 20, 2024, and was not assigned until April 10, 2024 — a full three (3) months after the petition was filed and still prior to the first effective date of the GCEL. Respondent seemingly now asks the Court to require Petitioner to include language in their petition in a case that was commenced months before GCEL was even passed by the New York State Legislature. To dismiss a proceeding on these grounds, especially when the first court date was given eight (8) months after the petition was filed, would be highly prejudicial to Petitioner. Simply put, to require Petitioner to comply with the new RPAPL §741(5)(a) and (b), as amended, when all aspects [FN1]
of the petition predate the relevant effective date of the GCEL would create an unreasonable or absurd application of the law. (People v. Schneider, 37 NY3d 187, 196 [2021]).
Petitioner's Cross Motion for Leave to Amend the Petition
In response to the instant motion, Petitioner cross-moved to amend their Petition to comply with RPAPL §741(5)(a) and (b). A party may seek leave to amend its pleadings at any time. (CPLR §3025[b]). Permission to amend pleadings should be "freely given" absent prejudice or surprise resulting directly from the delay. (Edenwald Contracting Co., Inc. v. City of New York, 60 NY2d 957, 959 [1983], [quoting CPLR 3025(b)]; Lanpont v. Savvas Cab Corp., Inc. 244 AD2d 208 [1st Dept. 1997] ["In the absence of surprise or prejudice, it is abuse of [*4]discretion, as a matter of law, for trial court to deny leave to amend answer during or even after trial"]). 
Applying this framework to the case at bar, Respondent has failed to convince the Court of prejudice incurred by way of the amendment. Simply stating that amending the petition would be "fatal to this proceeding because neither the tenant nor the Court were put on notice of the laws governing the tenancy" without any specificity, is not tantamount to a showing of prejudice. (NYSCEF Doc. 15, Ln. 9). Further, Petitioner filed their cross motion on October 28, 2024, only twenty-one (21) days after Respondent's initial motion.
Given that Petitioner has moved to amend their petition in an attempt to resolve all of the factual issues as a matter of law, (Kolchins v. Evolution Mkts., Inc., 31 NY3d 100, 106 [2018]); and that the Court must deem the allegations of the petition as true and construe them in Petitioner's favor, affording Petitioner the benefit of "every reasonable inference," (Cortlandt St. Recovery Corp. v. Bonderman, 31 NY3d 30, 38 [2018]), this Court finds that Respondent has failed to meet its burden under both sections of CPLR §3211. Petitioner has, in fact, presented facts that fit a cognizable legal theory. (Kahlon v. DeSantis, 182 AD3d 588 [2nd Dept. 2020]; Children's Magical Garden, Inc. v. Norfolk St. Dev., LLC, 164 AD3d 73, 80 [1st Dept. 2018]). 
Accordingly, for the reasons stated above it is
ORDERED that Respondent's motion (Sequence 1) is denied in its entirety, without prejudice to a motion to amend their answer; it is further
ORDERED Petitioner's cross motion (Sequence 2) is granted only to the extent to amending the petition and deeming it timely served and filed nunc pro tunc; it is further
ORDERED that the Court restores this proceeding for settlement or trial on January 30, 2025, at 9:30 am, in part G, room 509.
This constitutes the decision and order of this Court.
Dated: January 2, 2025
Brooklyn, New York
HON. JAVIER E. ORTIZ
J.H.C.

Footnotes

Footnote 1:Filing, preparation, and filing of the corresponding affidavit of service.