14-16 30th Rd., LLC v Hassan (2025 NY Slip Op 25128)

[*1]

14-16 30th Rd., LLC v Hassan

2025 NY Slip Op 25128

Decided on May 23, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on May 23, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2024-307 Q C

14-16 30th Road, LLC, Respondent,
against
Walid Hassan, Appellant, "John Doe" and "Jane Doe", Undertenants. 

Walid Hassan, appellant pro se.
Horing Welikson Rosen & DiGrugilliers, P.C. (Santo Golino of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Clifton A. Nembhard, J.), entered March 12, 2024. The order granted landlord's motion to restore this holdover summary proceeding, denied tenant's cross-motion to dismiss the petition and ordered landlord to re-serve the petition along with an amended notice of petition reflecting a return date of April 2, 2024.

ORDERED that the order is affirmed, without costs. 
On July 30, 2020, in response to the challenges caused by the COVID-19 pandemic, the Chief Clerk of the Civil Court of the City of New York issued CCM-210, which set forth pandemic-era procedures for commencing holdover summary proceedings. CCM-210 provided that the court system could not determine when future court dates would be available upon issuance of the index number and was therefore unable to schedule holdover summary proceedings at that time. Holdover proceedings would be assigned to an administrative part calendar "to be used as a mechanism to schedule, monitor, and track all Holdover cases received during the COVID-19 crisis." Then, "[a]t a future date, these cases [would] be rescheduled for an actual appearance." CCM-210 required that notices of petition for holdover summary proceedings state with respect to the return date: "DATE TO BE DETERMINED. THE COURT WILL NOTIFY ALL PARTIES OF THE COURT DATE."
Landlord commenced this holdover proceeding on October 15, 2020 by filing the notice [*2]of petition and petition (see CCA 400 [1]), following the termination of tenant's rent-stabilized tenancy based upon his alleged failure to execute his rent-stabilized renewal lease. Rather than setting forth a return date, the notice of petition included the language required by CCM-210. Conspicuous-place service of the notice of petition and petition was complete upon filing of the affidavit of service via NYSCEF on November 2, 2020 (see RPAPL 735 [2] [b]).
Before a return date was assigned, the proceeding was stayed due to tenant's filing of a hardship declaration on March 1, 2021 and subsequent Emergency Rental Assistance Program (ERAP) application. Following the expiration of the ERAP stay, landlord moved to restore the proceeding. Tenant opposed and cross-moved to dismiss the petition, arguing, among other things, that landlord had failed to comply with RPAPL 733 (1) in that the notice of petition and petition had not been served between 10 and 17 days before the return date because no such return date had been scheduled. By order entered March 12, 2024, the Civil Court (Clifton A. Nembhard, J.) granted landlord's motion to restore the proceeding to the calendar, denied tenant's cross-motion to dismiss the petition, and ordered landlord to re-serve the petition, along with a notice of petition amended to reflect a return date of April 2, 2024, specifying that such service should comply with RPAPL 733 (1). Tenant appeals.
Landlord's initial service of the notice of petition and petition in 2020 via conspicuous-place service was in accordance with RPAPL 735 (1). However, landlord failed to comply with RPAPL 733 (1) in that it served that notice of petition and petition three and a half years before the initial return date. The pandemic-era procedures set forth in CCM-210 made it problematic for landlords to delay service in order to comply with RPAPL 733 (1). One example is that CCA 411 requires that service of the notice of petition and petition be completed within 120 days after the commencement of the proceeding, placing the burden on petitioners to seek an extension upon "good cause shown or in the interest of justice." Here, landlord filed the notice of petition and petition on October 15, 2020, the 120th day thereafter was February 12, 2021, but, as of March 1, 2021 when tenant filed his hardship declaration, the Civil Court had yet to schedule a return date. Another example is that landlords could have been prejudiced by a lengthy "window period" between the termination of the rent-stabilized tenancy and service of the notice of petition and petition, during which they could not accept any proffered use and occupancy payments without reinstating the tenancy (see 92 Bergenbrooklyn, LLC v Cisarano, 50 Misc 3d 21 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Here, by completing service on November 2, 2020, landlord was able to accept any proffered payments without vitiating the termination notice (see RPAPL 711 [1]; 92 Bergenbrooklyn, LLC v Cisarano, 50 Misc 3d 21).
While the initial service here did not comply with RPAPL 733 (1), in light of the issues created by delayed service in accordance with CCM-210, we find that the Civil Court's solution, to amend the notice of petition to include a new return date and order landlord to re-serve the petition along with the amended notice of petition so as to afford landlord the opportunity to comply with RPAPL 733 (1), was "reasonably calculated, under all the circumstances, to apprise [tenant] of the pendency of the action and afford [him] an opportunity to present [his] objections" (Ruffin v Lion Corp., 15 NY3d 578, 582 [2010] [internal quotation marks omitted]; see Raschel v Rish, 69 NY2d 694, 696 [1986]).
Accordingly, the order is affirmed.
MUNDY, J.P., OTTLEY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2025