Skipp to My Lilly, LLC v Toure (2025 NY Slip Op 51559(U))

[*1]

Skipp to My Lilly, LLC v Toure

2025 NY Slip Op 51559(U)

Decided on October 2, 2025

Civil Court Of The City Of New York, Kings County

Jimenez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 2, 2025
Civil Court of the City of New York, Kings County

Skipp to My Lilly, LLC, Petitioners,

against
Samori Toure, JOHN DOE, and JANE DOE, Respondents.

Index No. 328248-24

Gutman, Mintz, Baker & Sonnenfeldt, P.C.
813 Jericho Turnpike
New Hyde Park, New York 11040
Attorneys for Petitioner
Communities Resist
434 South 5th Street
Brooklyn, New York 11211
Attorneys for Respondent

Sergio Jimenez, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's order to show cause (Seq. 2) and any other relief as the court may find appropriate:
Papers Numbered
Order to Show Cause (Seq. 2) with affidavits and exhibits 1 (NYSCEF #14-19)
Affirmation in Opposition and exhibits 2 (NYSCEF #20)
Affirmation in Reply and exhibits 3 (NYSCEF #21-23)
As a preliminary matter, the parties consented to the granting of motion Seq. 1 through stipulation of settlement dated July 23, 2025 (NYSCEF #13) as such, this motion was calendared in error. Respondent's instant motion seeks summary judgment pursuant to CPLR §3212. Respondent argues that there is no dispute in fact as to any part of the proceeding but that, as a matter of law, there was no agreement to pay rent at the commencement of the proceeding (Fairfield Beach 9th, LLC v Shepard-Neely, 77 Misc 3d 136[A][App Term 2d Dept, 2d, 11th & [*2]13th Jud Dists 2022]). Petitioner opposes arguing that there was a lease at the time of the commencement of the proceeding and that the motion should be denied in its entirety.
The moving party bears the prima facie burden of proof to obtain the relief sought. Matter of Stop & Shop Cos. Inc. v. Assessor of the City of New Rochelle, 32 Misc 3d 496 (Sup. Ct. Westchester Co, 2011). The proponent of summary judgment must show, through admissible evidence, that they are entitled to relief as a matter of law because no facts remain in dispute. Even if the summary judgment is unopposed, the moving party bears the burden to prove entitlement to the relief sought, which may be denied at the court's discretion if the movant fails to meet this burden (Exit Empire Realty v. Zilelian, 137 AD3d 742 [2d Dept, 2016]). Technical defects in the presentation of evidences may be ignored by the court in the contemplation of this motion, especially if they are unrebutted (Rosenblatt v. St. George Health and Racquetball Associates, LLC, 119 AD3d 45 [2d Dept, 2014]).
There are facts that are not in dispute. The relevant lease between the parties for 1491 Lincoln Place, Apartment 1A, ran from October 1, 2022 through September 30, 2024.[FN1]
Both parties agree the subject premises is a rent stabilized unit. The petition was filed September 23, 2024, the affidavit of service was filed on November 1, 2024. Both parties agree that a proceeding cannot be maintained if the commencement of the proceeding falls outside of the last date of an agreement to pay rent.
The single issue, upon which this motion turns, is what act constitutes "commencement of the proceeding" for the purposes of applying the principle enunciated in Fairfield Beach 9th LLC v Shepard-Neely?
The courts have taken a case-by-case analysis to answer the question of commencement. Both CCA 440 and the changes of RPAPL §731 fixed the date of commencement to the date of filing. CCA explicitly states that "[a] special proceeding is commenced by filing a notice of petition and petition" by "the delivery of . . . the notice of petition and petition . . . to the clerk of the court . . . together with any fee required" (CCA 400[1]). Further, RPAPL §731 was amended in 1994 to remove the words "service of" to tie the commencement of the proceeding to the filing of the notice of petition and petition (RPAPL §731).
Both parties rely on the Appellate Term's decision in 92 Bergenbrooklyn LLC v Cisarano (50 Misc 3d 21 [App Term 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Although both sides cite to Cisarano, each side argues that different results should flow from the holding of that case. In 92 Bergenbrooklyn, the court determined that commencement of the proceeding for the purposes of a vitiation/waiver defense was upon service, not filing, because this defense requires that both parties be on notice as intentionality plays a large part in the determination of that defense.
Since both sides have recognized the important of Cisarano, it is worth examining this decision in greater detail. Cisarano was an end-lease-holdover. The notice of termination bore a termination date of May 31, 2013. The landlord purchased an index number on June 7, 2013, but accepted rent on June 10, 2013. The landlord served initiatory papers and completed service on June 14, 2013.
In Cisarano, the tenant moved to dismiss on the grounds that the landlord's acceptance of [*3]June rent prior to service of the petition reinstated the tenancy. The landlord opposed, contending that acceptance of rent "after commencement of the proceeding" does not invalidate the predicate notice of termination. The landlord argued further that, because rent was accepted after purchasing the index number, and thus after commencement of the proceeding, the acceptance did not vitiate the notice of termination.
The Appellate Term held for the tenant and reasoned that while commencement-by-filing is the general rule, commencement has different meanings depending on the context. The rule that allows a petitioner to accept rent after the commencement of a proceeding assumes that both sides know the case has commenced, which can only happen after the respondent is served. Thus, for this specific rule, commencement means service, not filing (Cisarano, 50 Misc 3d at 26 [holding that "the legislature contemplated that both the landlord and the tenant must be on notice, when rent is accepted, of the commencement. We therefore conclude that 'commencement' in this context should remain keyed to service, not to filing"]).
The context of Cisarano is different than the one in this case. In the instant proceeding, the defense is a procedural one, which is both unilateral (in that the petitioner is the only exerting control over the relevant acts) and binary (either the lease exists or not within a fixed time period). Here, it did exist between October 2022 and September 2024. The petitioner is the only one that can control the filing of the notice of petition and petition. Here, the papers were filed September 23, 2024 and the service was filed November 1, 2024. The interplay between these two facts, the existence of the lease and the filing of the commencing papers, are outside of the scope of influence/control of the respondent. Further, it is a procedural defense in that the existence of an agreement to pay rent in a nonpayment proceeding is a condition precedent. Vitiation of a notice of termination, unlike this defense, requires an act by the respondent — payment of rent after the notice of termination — an act by the petitioner — the acceptance and failure to return of a payment — and a showing of intentionality (Matter of Georgetown Unsold Shares, LLC v Ledet, 130 AD3d 99 [2d Dept 2015]). As a result, there is a mutuality in acts that necessitates knowledge of both parties of the proceeding (or at least the termination of the tenancy) for the defense to trigger. Here, where the respondent urges a Shepard-Neely, the existence of mutual knowledge emphasized by Cisarano is not required. The respondent can take no action which would result in a change in the lease existence or the date of filing. As such, unlike vitiation, respondent's knowledge of the proceeding is irrelevant. The lack of an agreement to pay rent acts more as a condition precedent than an affirmative defense. The court finds the respondent's argument that the respondent would be unable to formulate a defense is unavailing as knowledge or not, the defense is not altered and can be brought up at any point. The court finds that for the purposes of the Fairfield Beach 9th LLC requirements that the moment of commencement is the filing of the notice of petition and petition and not service of said commencement documents.
As such, motion is denied in its entirety and the proceeding is restored to the calendar on November 10, 2025 at 10:30am in Room 502, Part J for all purposes. This constitutes the decision/order of the court.
Dated: October 2, 2025
Sergio Jimenez, JHC

Footnotes

Footnote 1: While the lease did not have a proper foundation in the respondent's affidavit (NYSCEF #16), it was not disputed by the petitioner and, as such, the court exercises its discretion in accepting it for the purposes of its consideration in the instant motion.